No. 12.—HENSLEY J. THOMASSON, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

[1.] A motion to quash an indictment, is a demurrer to the indictment, and must be in writing on the arraignment and before plea pleaded.

[2.] A witness who has testified in a cause and his evidence is impeached by testimony in contradiction of his statement, may be recalled, and leading questions may be asked him affirmatory of what he has already testified.

[3.] This Court will not pass its judgment on an exception that the presiding Judge in the Court below does not admit to be correctly stated.

[4.] Bank notes are the subject of larceny from the person.

[5.] Money in the hands of a guardian and stolen from him, may be laid in the indictment to be property of the guardian. He has a special property in it.

[6.] The jury are judges of law and fact, in this State, and their verdict will not be disturbed as being contrary to law and evidence, unless it appear so palpably as to raise the presumption that their finding was the effect of a mistake or misapprehension of one or the other.

Indictment for larceny from the person, in Richmond Superior Court. Tried before Judge HOLT, at April Term, 1857

The defendant, Hensley J. Thomasson was indicted for stealing from the person of Joseph W. Varner a large amount of the Bills of the Mechanics Bank of Augusta. The offence was charged to have been committed in a room occupied by Varner at the United States Hotel in the city of Augusta, on the night of the 20th February, 1856.

After a jury were impannelled and sworn, and the first witness on the part of the State called to the stand, the defendant's counsel moved to quash the indictment, because the bills alleged to have been stolen were not therein sufficiently described, and because there was no such bank as the Mechanics Bank of Augusta, the corporate name being " The Mechanics Bank."

In the further progress of the cause, after the testimony on the part of the State had been closed, and the witness Thomas

Gibbins, had testified on the part of the prisoner, the follow-ing questions were put to the witness' Joseph W. Varner, by the State's counsel, the said Joseph W. Varner. having been recalled by the Attorney General as a witness on the part of the State, which questions were objected to at the time, as leading by prisoner's counsel, to. wit: " Did Thomasson ask you that evening for the loan of money ?" " Did you give him any ?" " Did he take any money out of your pocket book by your consent ?"

After the testimony on both sides had closed, and the argument of counsel concluded, the prisoner's counsel reques-ted the Court in writing to charge the jury as follows : " That there must be proof of the genuineness of the bank bills, or the defendant must be acquitted," which charge the Court failed and refused to give in the language requested.   Prison-er's counsel further requested the Court in writing to charge the jury as follows : "That the defendant must be acquitted of the offence charged in the indictment (larceny from the person,) if the jury find that nothing but bank bills were sto-len, that being simple larceny, a different offence—the first punishable by imprisonment in the penitentiary from two to five years, the second from one to four years," which charge the Court declined and refused to give.

The Court modified the first aforesaid request to charge, and used language in said modification in substance as fol-lows ; " That defendant's counsel had raised no question as to the genuineness of these bills : that the fact was proven that these were the bills of the Mechanics Bank, and that they were of the value which their denominations called for, and that, if the defendant's counsel had made any proof that these bills were not genuine, it would then have become ne-cessary that the State's counsel should have met it with coun-ter proof." To all which refusals to charge, modification of charge as requested, and charge as given, the prisoner then excepted and now excepts.

The Court did charge the jury as requested by prisoner's counsel, in substance as follows, that "unless they found Joseph W. Varner was the owner of the bank bills, alleged to have been stolen, they must acquit, and such must be their verdict, if they found that the bills were owned by Varner jointly with another: and that, in cases of circumstantial evidence, the hypothesis of the defendant's guilt must be the only rational mode of accounting for all the facts, and that every other hypothesis must be excluded from their minds before they could convict the accused.

The jury returned a verdict of guilty, whereupon the prisoner moved the Court for a new trial upon the following grounds:

1st. Because the Court overruled the motion of defendant's counsel, to quash the bill of indictment, because the bills, alleged to have been stolen, were not therein sufficiently described, and because there was no such bank as "The Mechanics Bank of Augusta," the coporate name being "The Mechanics Bank."

2d. Because the Court permitted the following questions to be put to the witness, Joseph W. Varner, by the State's counsel upon direct examination, defendant's counsel at the time objecting to each and all of them as leading, to. wit: "Did Thomasson ask you that evening for the loan of money?" "Did you give him any?" "Did he take any money out of your pocket book by your consent?"

3rd. Because, when defendant's counsel requested the Court, in writing, to charge as follows: "That there must be proof of the genuineness of the bank bills or the defendant must be acquitted."        *        *        *        *        *        *        *

4th. Because the Court modified said request to charge, in substance as follows; "that defendant's counsel had raised no question as to the genuineness of these bills; that the fact was proven that these were the bills of the Mechanics Bank, and that they were of the value, which their denominations

called for: and that if defendant's counsel had made any proof that these bills were not genuine, it would then have been necessary that the State's counsel should have met it with counter proof."

5th. Because the Court stated in his charge to the jury, that the fact was proven, that these were the bills of the Mechanics Bank and that they were of value.

6th. Because the Court declined to charge the jury, as requested in writing by defendant's counsel, as follows: " That the defendant must be acquitted of the offence charged in the indictment, (larceny from the person,) if the jury find that nothing but bank bills were stolen, that being simple larceny, a different offence, the first, punishable by imprisonment in the Penitentiary, from two to five years; the second, from one to four years.

7th. Because the jury found a verdict of conviction contrary to the law and the charge of the Court, in this, that the Court charged the jury that, unless they found Joseph W. Varner was the owner of the bank bills alleged to have been stolen, they must acquit, and such must be their verdict, if they found that the bills were owned by Varner jointly with another, the evidence showing that the ownership was jointly in Joseph W. Varner and Felix Varner.

8th. Because the jury failed to make a proper application of that principle of law, given them in charge by the Court, that, in cases of circumstantial evidence, the hypothesis of the defendant's guilt must be the only rational mode of accounting for all the facts, and that every other hypothesis must be excluded from their minds before they could convict the accused.

9th. Because the jury disregarded the law, which was given them in charge by the Court, that, in all criminal cases, the verdict must be the result of moral certainty, and not a balance of probabilities.

10th. Because the verdict was contrary to law, evidence and the preponderance of evidence.

Thomasson vs. The State of Georgia.

After hearing argument, the Court refused a new trial. Whereupon the prisoner excepted, and now excepts to the said ruling and decision, and alleges error, upon all the grounds taken in the motion. Thereupon, the Court passed judgment upon the prisoner, sentencing him to hard labor in the Penitentiary for the term of five years.

To which judgment and sentence the prisoner excepts and alleges error therein.

MILLERS & JACKSON ; and WALKER & CUMMING for plaintiff in error.

McLAWS, Attorney General, for defendant in error.

*By the Court.*—McDONALD, J. delivering the opinion.

There was a new trial moved for, in this case, on ten grounds. In the motion all the exceptions to the rulings and decisions of the Court during the progress of the trial, are embraced. The Court overruled the motion and this decision is excepted to, and our judgment on that exception will dispose of the several errors assigned.

[1.] After a jury was empannelled and sworn, and the first witness called to the stand, the defendant's counsel moved to quash the indictment, because the bills alleged to have been stolen were not therein sufficiently described, and because there was no such bank as the Mechanics Bank of Augusta, the corporate name being the "Mechanics Bank." The record does not show a demurrer, but the general issue only, as the pleadings of the defendant. In England, the defendant seldom demurs to a bill of indictment, because he may have the same advantage upon the plea of not guilty or upon motion in arrest of judgment, as well as for other reasons. *Arch. Crim. P.* 60. .He may move to quash the indictment in the English Courts, if the Court have no jurisdiction, or if the facts charged do not constitute an offence punishable at law.

These are grounds of demurrer.   Motions to quash are mere-
ly demurrers to the bill of indictment, and allowed in Eng-
land for the reason, that they do not there generally demur
to bills of indictments.   In this State, if the prisoner on be-
ing arraigned, demur to the indictment, the demurrer must
be made in writing.   *Paragraph* 304 *Penal Code.*   *Cobb* 834.
If the demurrer be decided against him, he may plead and
rely on the general issue.   The cause had been submitted to
the jury before the motion was made, and before plea plead-
ed, and it came too late.   The object of the Legislature was
intended to prevent the acquittal of parties indicted on mere
technical grounds.   In England, the Courts will seldom
quash an indictment when the motion is made by the de-
fendant.   *Arch. Cr. Pl.* 40.

[2.] Joseph W. Varner had testified to certain facts.   A
witness was introduced, the object of whose testimony it was,
amongst other things, to attack his credit, who testified that
the plaintiff, Thomasson, had applied to a man in bed to loan
him some money.   He understood the man to say, "take it,"
or something like it.   He did not know whether it was Varner
or not, it was the man in the bed.   It had been proven that
Varner slept in that room.   Varner was called and asked the
following questions:

1. Did Thomasson that evening ask you for the loan of
money?

2. Did you give him any?

3. Did he take money out of your pocket book by your
consent?

An examination of this sort is sometimes admissible.   1.
*Greenleaf* §435.   Very great discretion must necessarily be
left to the presiding Judge, in the examination of witnesses,
and unless he use this discretion in violation of a principle
of law, we cannot control him.   4. *Wend*, 247.   The ques-
tions in this case were intended to contradict a witness intro-
duced for the purpose mentioned, and not to inculpate the
prisoner.   It was to re-affirm what the witness had already

sworn, and in respect to which the witness Gibbons had given evidence in opposition to his statement. He had already testified that he had never loaned the prisoner money at any time. The presiding Judge committed no error in this.

[3.] It is insisted that the Court erred in charging the jury, as set forth in the 3d, 4th, and 5th grounds of the motion for a new trial. This charge does not come to us in a manner to enable us to decide upon it. The presiding Judge does not admit the existence of the grounds as taken, and says there is a difference of recollection as to the words used in the charge. We will remark, however, that, there was proof that the bank notes offered in evidence, were the bank notes of the Mechanics Bank, and of the value of their several denominations, and upon this they were tendered and received in evidence without further objection, which amounted to a waiver of further evidence of their genuineness.

[4.] The counsel for defendant requested the Court to charge the jury, that if nothing but bank bills were stolen, the defendant must be acquitted of the offence of larceny from the person, the offence being simple larceny. At common law, bank notes being mere evidences of debt, were held to be not such goods and chattels of which larceny might be committed. *Cobb* 793. Our statute however, declares, that the taking and carrying away a bank bill belonging to another, with intent to steal the same, shall be simple larceny. Bank notes, then, are, by statute, made such goods and chattels whereof larceny may be committed. Larceny from the person is a higher grade of offence than simple larceny, because more daring, and it might possibly lead to the commission of other crimes. If an hundred dollars be stolen from any place, other than from the person or a house, the offender may be punished as low as one year in the Penitentiary; while if the same sum be stolen from the person or a house, he cannot be punished by less than two years imprisonment in the Penitentiary. We hold, therefore, that bank notes may be the subject of larceny from the person;

that the charge as requested, ought not to have been given by the Court to the jury.

· [5.] The finding of the jury we think was warranted by the evidence under the charge of the Court as stated in the seventh ground for a new trial. The money arose from the sale of cotton belonging to himself and brother; he advanced money to his brother, and he claimed the money as his own. His brother was a minor and he was his guardian. The property in bank notes was properly laid in the prosecutor. The title was in him if he was guardian.

[6.] The jury, in this State, are judges of both the law and the facts in criminal cases, and unless their finding be clearly contrary to law and evidence, which must be presumed to arise from mistake or a misapprehension of one or the other, the Court ought not to disturb it. We think, without recapitulating the evidence, however, that if the jury had found a different verdict, it would have been by a misapplication of the rules of law in regard to the evidence and its effect, given them in charge by the Court as set forth in the eighth and ninth grounds for a new trial.

We think that the law, the evidence and the preponderance of evidence sustain the verdict.

Judgment affirmed.