STATE OF MISSOURI, Appellant, v. REUBEN A. M. ROSE, Respondent.

*Indictments.*—An indictment which charges the defendant with an indecent exposure of his person on the public highway, but omits to charge that the act was open and notorious, although not good under sec. 8, art. 8, of the Act of Crimes and Punishments, (R. C. 1855, p. 624,) is yet good as an indictment for a misdemeanor at common law.

*Crimes—Misdemeanors.*—Whatever act openly outrages decency and is injurious to public morals, is a misdemeanor at common law, and is indictable as such.

### *Appeal from Greene Circuit Court.*

The defendant was indicted at the January term of the Greene Circuit Court, for the year 1860, for an indecent exposure of his person on a public highway. The defendant filed his motion to quash the indictment, assigning the following reasons therefor:

1. Because there is no offence charged.

2. Because it does not use the language of the statute descriptive of any offence known to the law.

State v. Craighead.

This motion was sustained by the court, to which the State excepted and brings the case to this court by appeal.

*Aikman Welch*, attorney general, for the State.

I. The indictment may not use language sufficient to make it good, under art. 8, § 8, of the act in regard to Crimes and Punishments, (R. C. 1855, p. 624,) but it will be found to be a good indictment at common law. (Arch. Crim. Plead. 494; State v. Appling, 25 Mo. 315; 4 Black. Com. 65, *n.*; Gresham et al. v. The State, 2 Yerg. 589; 1 Russ. Crimes, 46.)

BAY, Judge, delivered the opinion of the court.

The indictment in this case does not allege, in the words of the statute, that the act of public indecency was open and notorious, and is therefore not good under the statute; but the offence charged is indictable at common law, for whatever outrages decency and is injurious to public morals is a misdemeanor at common law and punishable as such. (Rex v. Cruden, 2 Camp. 69; 1 Russ. Crimes, 46; 4 Black. Com. 41; 2 Yerg. 589; 25 Mo. 315.)

The court below, therefore, erred in sustaining the motion to quash the indictment, for which reason its judgment will be reversed and the case remanded; the other judges concurring.