GEORGE HEMBREE, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

When, in an indictment for perjury, it was alleged that the defendant, during a judicial proceeding, etc., had falsely sworn to certain statements, and then immediately followed an allegation that certain of such statements were untrue, and there was no allegation that the statements, thus alone denied to be true, had been material to the issue on trial, nor did they of themselves appear to have been material:

*Held,* that the indictment was demurrable, and should have been quashed.

Criminal law. Indictment. Perjury. Before Judge KNIGHT. Milton Superior Court. August Term, 1873.

George Hembree was placed on trial for the offense of perjury, upon the following indictment:

"GEORGIA—MILTON COUNTY:

"The grand jurors, selected, chosen and sworn for the county of Milton, to-wit:    *    *    In the name and behalf of the citizens of Georgia, charge and accuse George Hembree, of the county and state aforesaid, with the offense of perjury.    For that the said George Hembree, in said county, on the 23d day of August, 1871, wickedly and maliciously intending to aggrieve one Martha Goen, and put her, the said Martha Goen, to great expense, and to bring upon her, the said Martha Goen, great disgrace, and also to cause her, the said Martha Goen, to suffer the penalty of the law consequent upon a conviction for the offense of living with one William Martin, a male person of color, in a state of fornication, a bill of indictment for which offense being then and there submitted to the grand jury of said county, said superior court being then and there in session, charging said Martha Goen and William Martin with living together in a state of fornication, said Martha Goen then and there being a white female; the said George Hembree, on the day and year aforesaid, in the county aforesaid, and in proper person before said grand jury, one Marian J. Seall, then and there being foreman of said grand jury, and in due form of law, was sworn and took his corporal oath

Hembree *vs*. The State of Georgia.

upon the bible concerning the truth of the testimony he should then and there give said grand ·jury, as to the truth of the charge in said bill of indictment then and there contained, said foreman of said grand jury then and there being legal and competent authority to administer said oath to the said George Hembree for said purposes. The said George Hembree being then and there so sworn, as aforesaid, then and there upon his oath aforesaid, before the said grand jury (said grand jury then and there having competent authority to administer said oath and to hear said evidence in that behalf,) willfully, knowingly, absolutely falsely, in his testimony, did then and there swear, among other things, in substance and to the effect following, to-wit: 'I went to Mrs. Martin's to get some soap; as I went I saw James Martin in the field plowing; I went to him; as I went I saw Mrs. Goen going a round-about-way towards Bill Martin. I thought something was going to happen and I got up on the fence, and saw them meet in the plum orchard. Mrs. Goen lay down and pulled up her clothes; Bill then got on her. I then left the fence and went to the house; Mrs. Goen then came to the house; I know it was her I saw.' Whereas, in truth and in fact, the said Martha Goen did not then and there go to said plum orchard, nor meet one Bill Martin, as aforesaid, and so the jurors, upon their oaths aforesaid, do say that the said George Hembree, on said 23d day of August, 1871, in the county aforesaid (the said grand jury then and there having such competent authority to administer said oath as aforesaid,) by his own act and consent, and after his own wicked and corrupt mind, in manner and form aforesaid, willfully, knowingly, absolutely and falsely, did commit the offense of perjury, contrary," etc.

The defendant demurred to the indictment. The demurrer was overruled and the defendant excepted.

T. M. Peeples; Irwin, Anderson & Irwin, for plaintiff in error.

C. J. Wellborn, solicitor general, by C. D. Phillips; Thomas F. Greer, for the state.

McCay, Judge.

It is the settled rule that the indictment in a charge of perjury must show that the thing falsely sworn to was material to the issue on trial: 3 Greenleaf's Evidence, 189. Under our statute, perhaps, it is sufficient if this appear from the words themselves, as set out, though there be no *allegation* that they were material: Code, section 4628-9. In this case were the whole of the words negatived—were it charged that *all* the words spoken were untrue—the words might be taken to be material (on their face) to the issue as described in the bill of indictment, for though they assert only one act, they would be material, with other acts, to make out the charge of living in fornication. But, singularly enough, the indictment does not negative the principal statement, and by selecting the others and negativing them, the inference is open that the principal statement is true. It may have been material to show that the woman charged did go to that particular field that day and meet the man she is charged to have been living with in a state of fornication, but it is not apparent, by the words themselves, that they were material. Whilst we are no friends of technical rules, there are yet limits, especially in criminal cases, beyond which it is not safe to go, and we think it must always be alleged that the words sworn were material, or they must, in the nature of them, show their own materiality. That is one of the statutory ingredients of the crime, and it can no more be dispensed with than the allegation that the words were false.

Judgment reversed.