———o———

STATE OF MISSOURI, Respondent, *vs.* MATHEW BOLL, Appellant.

59   321
31a  438
59   321
50a  154

1. *Indictment—Phrase " against form of statute " may be rejected in proceedings authorized by common law.*—It is now clearly established that the words of an indictment " against the form of the statute " are to be rejected, if the evidence be not sufficient to bring the offense charged within the statute, and the accused may be found guilty of the offense, if prohibited by the common law.

2. *Nuisances at common law not abolished by statute, when.*—The statute in regard to nuisances (Wagn. Stat., pp. 505–506, §§ 41, 42, 43) does not undertake to cover all cases of public nuisance, and as to those not provided for by the statute, the common law remains in force.

3. *Nuisance—Character and manner of conducting business how affect the question of.*—On information for maintaining a nuisance, the defendant will not be entitled to an acquittal merely because the premises were kept in as cleanly a manner as possible in the reasonable prosecution of defendant's business, where from the character of the surrounding neighborhood, and the very nature of the avocation pursued, the business would be a nuisance.

*Appeal from Court of Criminal Correction.*

21—VOL. LIX.

*Jecko & Hospes*, for Appellant.

I. The defendant is charged with an offense against the statute, and the facts alleged and proved against him are not within the statute. (Wagn. Stat., pp. 505, 506, §§ 41, 42, 43.)

II. The statutes having legislated on the whole subject must be taken as having repealed the common law.

III. There was not one of the material ingredients of a nuisance shown to exist in this case, and the defendant should have been acquitted.

*L. & F. Gottschalk*, for Respondent.

I. Every nuisance is indictable at common law, and if any manufactory, lawful in itself, is erected in any part of a town, where it cannot but greatly incommode the inhabitants and destroy their health, it is indictable as a nuisance. (1 Bish. Crim. Law, pp. 489, 490, § 1138; Smith vs. McConathy, 11 Mo., 517.)

II The mere fact that the information concludes against the statute is immaterial. (Wagn. Stat., p. 86, §§ 1, 2; p. 1090, § 27.)

III. The instructions asked by defendant were rightly refused. If any thing be a nuisance, it is no justification that defendant claims and proves that he did the best under the circumstances.

HOUGH, Judge, delivered the opinion of the court.

The defendant was found guilty and fined in the St. Louis Court of Criminal Correction, under an information against him, for maintaining a nuisance by keeping and conducting a dairy in the city of St. Louis, which emitted noxious and offensive exhalations and odors, to the annoyance of the neighborhood and the public. The information concluded, "contrary to the peace and dignity of the State, and to the form of the statute in such case made and provided." A motion was made to quash the information for the reason that the facts charged constituted no offense, which was overruled and excepted to, and after verdict a motion in arrest was made

for the same reason, which was also overruled and excepted to, and this action of the court is assigned as error. These motions, it is urged, should have been sustained for the reason that the information concluded against the form of the statute; whereas, the facts charged constituted no offense under any statute, and the defendant could not be proceeded against at common law, as the effect of the legislation in regard to nuisances, (Wagn. Stat., p. 505, §§ 41, 42, 43,) was to repeal the common law on that subject.

The law is against the defendant on both points. In the case of the State vs. Bray, (1 Mo., 180) the court say : " It is now clearly established that the words ' against the form of the statute ' shall be rejected if the evidence be not sufficient to bring the offense charged within the statute, and the person accused may be found guilty of the offense, if it be one prohibited by the common law."

As to the other point, the provisions of the statute in regard to nuisances do not undertake to cover all cases of public nuisance, and as to those not provided for by statute, the common law remains in force. This principle is recognized as to other common law offenses, belonging to a general class, in regard to some of which provision has been made by statute, in the case of the State vs. Appling, (25 Mo., 315) and the State vs. Rose (32 Mo., 560). The case at bar does not come within any of the statutory provisions cited above, but the facts charged constitute an offense at common law.

Error is further assigned on the refusal of the court to give the following instructions :

1st. " The court declares the law to be that, if the premises complained of were kept in as cleanly a manner as they could be kept in the reasonable prosecution of the defendant's business, then the defendant is not guilty."

2d. " The court declares the law to be that, under the evidence adduced, the defendant is not shown to be guilty."

The principle announced in the first instruction would compel the toleration, in the midst of private residences, and in the most populous districts, of trades or avocations, necessarily

noisome and highly offensive to the neighborhood and the public, and it was rightly refused. The testimony was sufficient to support the finding, and there was consequently no error in refusing the second instruction.

The judgment is affirmed.