THOMAS M. PENNAMAN, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. Perjury may be assigned upon an affidavit charging an offense, and made for the purpose of procuring a warrant therefor.
2. If the justice of the peace, in administering the oath, acted officially, it need not further appear that he acted judicially.
3. Where the indictment distinctly charges that the false oath was taken in a judicial proceeding, and in a matter material to the issue, and where the proceeding and the issue are plainly indicated, any mere vagueness or incompleteness of description must be excepted to before trial, and is not cause for arresting the judgment.
4. The court may instruct the jury, that if they find from the evidence, beyond a reasonable doubt, that all the allegations in the indictment are true, they should find the prisoner guilty.
5. The motion for new trial, under the judge's certificate to the bill of exceptions qualifying the matters of fact, was properly overruled.

Criminal Law.  Perjury.  Indictment.  New Trial.  Be-

fore Judge Tompkins. Chatham Superior Court. May Term, 1876.

Pennaman was placed on trial for the offense of perjury. The material portion of the indictment against him was as follows: "For that the said Thomas M. Pennaman * * * did, before Isaac Russell, as a justice of the peace in and for said county, in a judicial proceeding, the said Isaac Russell being then and there a judicial officer fully competent and authorized to administer a lawful oath, and when a lawful oath was to the said Thomas M. Pennaman, by the said Isaac Russell, as justice of the peace as aforesaid, administered, wilfully, knowingly, absolutely and falsely swear, amongst other things, in substance and in effect following, that is to say, that Cornelia Brown, on May 29th, 1876, in the county of Chatham, and state of Georgia, did violently assault and strike him, the said Thomas M. Pennaman, with a rock or brick-bat, inflicting a painful wound on the back of him, the said Thomas M. Pennaman, all of the said matters so wilfully, knowingly, absolutely and falsely sworn to in substance and effect by the said Thomas M. Pennaman, being then and there material to the issue in the judicial proceeding aforesaid, the said Thomas M. Pennaman being then and there in the said judicial proceeding, making and swearing to an affidavit before the said justice of the peace, for the purpose of having a warrant issued against the said Cornelia Brown for the offense of an assault and battery.

"And the jurors aforesaid, on their oaths aforesaid, do say, that the said Cornelia Brown did not in truth and in fact, or in substance and in effect, on May 29th, 1876, in the county of Chatham, in the state of Georgia, violently assault and strike the said Thomas M. Pennaman with a rock or brick-bat, inflicting a painful wound on the back of him, the said Thomas M. Pennaman, and that the said Thomas M. Pennaman then and there well knew that he, the said Thomas M. Pennaman, was then and there, wilfully, knowingly, absolutely and falsely swearing, contrary to the law, etc."

The defendant pleaded not guilty. The jury found to the contrary. He moved that judgment be arrested upon the following grounds:

1. Because the indictment is defective in this, that it fails to specify the particular judicial proceeding in which the alleged perjury was committed.

2. Because the indictment does not aver to what issue the matters alleged to be wilfully, knowingly, absolutely and falsely sworn to, were material.

3. Because the indictment charges the defendant with perjury in making and swearing to an affidavit before a justice of the peace, for the purpose of having a warrant issued, etc., all of which does not constitute the crime of perjury, but only that of false swearing.

4. Because the said affidavit was neither a part of, nor in, a judicial proceeding, and was not material to the issue in a judicial proceeding of this nature, to-wit: the ascertainment of the probable guilt or innocence of the person accused.

5. Because the said affidavit was not sworn to before an officer in his judicial capacity, but solely and only as an officer qualified to administer a lawful oath or affirmation.

The motion was overruled, and the defendant excepted.

The defendant also moved for a new trial on the following grounds:

1. Because the court erred in charging the jury, that if they find from the evidence, beyond a reasonable doubt, that all the allegations in the bill of indictment are true, and that the defendant, in making and swearing to an affidavit to have the prosecutrix, Cornelia Brown, arrested on a warrant for assault and battery, did wilfully, knowingly, absolutely and falsely swear in said affidavit, as he is alleged to have done in the indictment, then they should find him guilty of the crime charged.

2. Because the court erred in commanding the sheriff to arrest Samuel Bynum, a material witness for the defendant, in this that the arrest was made in the presence of the jury trying said case, and because of his evidence just given in,

such arrest tending to throw discredit upon his testimony to defendant's injury.

3. Because the verdict is contrary to the law and the evidence.

In support of the second ground, one of the jurors made affidavit that the witness, Bynum, was arrested in full view of the jury, during the progress of the cause, as he believes, for the offense of perjury, supposed by the judge of said court to have been committed on the witness-stand; that the arrest was mentioned in the jury-room immediately upon the retirement of the jury, and that deponent believes that all of said jury were apprized of the arrest before returning a verdict.

The court overruled the motion, and defendant excepted.

Upon the rendition of this judgment, counsel for defendant moved to be allowed to obtain affidavits from other jurors who tried said cause, as to their knowledge, impression or belief, upon the subject of the arrest of the witness, Bynum, prior to the return of the verdict. This the court refused to permit, and the defendant excepted.

The presiding judge attached the following note to the bill of exceptions:

" After the witness, Bynum, had gone from the stand, the judge quietly told the sheriff to say to him not to leave the court-house. This the sheriff did in view of the counsel and the jury, but neither could hear what the sheriff said, and no one in the court-room, except by the merest inference, could possibly know what were the instructions of the sheriff, and in point of fact, neither the solicitor general, nor counsel on either side, knew what was said. Bynum retired from the court-room. After the jury had retired to their room, the judge then directed the sheriff to bring Bynum into the court-room and to detain him. No arrest of Bynum was ordered or made in the presence of the jury, but was sedulously avoided. It very frequently happens that the judge directs the sheriff to say to a witness not to retire from the court

house, and the order is carried into effect just precisely as was done in the case of Bynum."

N. C. COLLIER, by W. D. HARDEN, for plaintiff in error.

A. B. SMITH, solicitor general, by Z. D. HARRISON; MELDRIM & ADAMS, for the state.

BLECKLEY, Judge.

1. Perjury may be assigned upon an affidavit charging an offense, and made for the purpose of procuring a warrant therefor. Such an affidavit, made for such a purpose, is the beginning of a judicial proceeding. It belongs to proceedings before arrest, and is treated of under that head in the Code, section 4714. It sets forth probable cause for a warrant, and upon it alone a warrant might issue. Enough is established to result legally in depriving the accused person, for a time, of his liberty. Treating probable cause as the issue or point in question, there can be no doubt that the matter of the affidavit is vitally material. On the trial of the accused for the offense, the affidavit itself would not be admissible, but the matter it contains (sworn to as true) is not the less material on that account. For the crime of perjury to be committed, it is not necessary that the false swearing should take place on the trial, or even in respect to facts which the trial must directly involve. Affidavits in judicial proceedings, though touching matters incidental or collateral, may be instruments of perjury—2 Chit. Cr. Law, 303; 3 Gr'l'f's Ev., section 190; 2 Bish. Cr. Pr. §845.

2. The justice of the peace acted officially—was authorized to administer the oath—administered it lawfully, and the oath was lawful. That he acted in a judicial capacity need not further appear. The Code does not make it requisite that he should—*see* section 4460. It is probable that, in administering the oath, he was not acting in a judicial capacity; but that would not prevent the affidavit from being made in a judicial proceeding. Test this by the in-

stance of an affidavit to hold to bail, or an affidavit to procure an attachment.

3. What proceeding and what issue the indictment refers to, may be collected with reasonable certainty from its language. They are plainly indicated, and, if they are not described with technical amplitude and accuracy, the imperfection may have been cause for exception before trial, but is not ground for arresting the judgment—Code, section 4629. In these matters of description, the indictment seems very nearly, or quite, up to the ordinary requisites of good pleading—2 Chit. Cr. Law. 307; 2 Bish. Cr. Pr., sections 854, 845 ; 52 *Ga.*, 242.

4. The court may instruct the jury, that if they find, from the evidence, beyond a reasonable doubt, that all the allegations in the indictment are true, they should find the prisoner guilty. Such a charge is not like one which groups certain facts, less in extent than the whole contents of the indictment, and submits their truth or falsity as decisive of guilt or innocence—compare 34 *Ga.*, 263 ; *Tucker vs. The State*, 57 *Ga.*, 503. Unless the jury are to find the prisoner guilty, when convinced by the evidence, beyond any reasonable doubt, that the whole of the indictment is true, the trial is work without an object.

5. We find in the record no good cause for granting a new trial. The judge, by his explanatory note, leaves nothing of any importance in the ground of the motion which relates to dealing with one of the prisoner's witnesses in presence of the jury.

Judgment affirmed.