### UNITED STATES *v.* BEBOUT and another.

*(District Court, N. D. Ohio, W. D.   June Term, 1886.)*

1. **OBSCENE PUBLICATIONS AND PRINTS—SENDING PAPER THROUGH MAIL—INDICTMENT—PROOF—REV. ST. U. S. § 3893.**
   To authorize a conviction under an indictment for sending obscene or indecent matter through the mails, (Rev. St. § 3893,) it must be proven beyond a reasonable doubt—*First,* that the defendants or their agents deposited, or caused to be deposited, the paper containing the objectionable matter in the post-office for mailing; *second,* that the defendants knew that the paper contained the objectionable matter; and, *third,* that the publication was obscene, lewd, lascivious, or indecent.[1]

2. **SAME—WHAT IS OBSCENE.**
   The test which determines the obscenity or indecency of a publication is the tendency of the matter to deprave and corrupt the morals of those whose minds are open to such influences, and into whose hands such a publication may fall.

3. **SAME—REV. ST. U. S. § 3893, HAS TO DO WITH USE OF MAILS ONLY.**
   The statute in question (Rev. St. § 3893) is directed against the use of the mails as an instrument for the circulation of obscene matter. It does not prohibit its publication, nor does it enter into the motives of the circulators, or the truth or falsity of the matter.

4. **SAME—DEFENDANT—COMPETENT WITNESS.**
   The defendant in such a prosecution is a competent witness, and his testimony is to be received on the same basis, and under the same rules, as that of any other witness.

5. **CRIMINAL LAW—JOINT DEFENDANTS—SEPARATE ACQUITTAL OR CONVICTION.**
   Where two defendants are indicted and tried together, one may be acquitted and the other convicted. Each one can be held responsible only for his own acts and knowledge, and not that of the other.

Indictment under Rev. St. § 3893.

---

[1] See note at end of case.

*R. S. Shields,* U. S. Atty., and *R. H. Cochrane,* for the United States.

*J. R. Tyler* and *E. S. Dodd,* for defendants.

WELKER, J., (*charging jury.*) The defendants are indicted under section 3893 of the Revised Statutes, which provides that "every obscene, lewd, or lascivious book, pamphlet, picture, paper, writing, print, or other publication, of an indecent character,   *   *   *   are hereby declared to be non-mailable matter, and shall not be conveyed in the mails, nor delivered from any post-office, nor by any letter-carrier; and any person who shall knowingly deposit, or cause to be deposited, for mailing or delivery, anything declared by this section to be non-mailable,   *   *   *   shall be found guilty of a misdemeanor," and punished as therein stated.

This indictment contains two counts: The first one charges that the defendants did, on the seventeenth January, 1886, unlawfully and knowingly deposit, and cause to be deposited, for mailing and delivery, in the mail of the United States, in the post-office of the city of Toledo, a certain obscene, lewd, and lascivious paper, called the Sunday Democrat, and directed to E. P. Willey; containing therein the obscene, lewd, and lascivious words, figures, and illustrations following; and setting out a copy of the article therein published. The second count charges a like violation of the statute, but calls the publication a certain publication of an indecent character.

The defendants have entered a plea of not guilty,—a general denial of the allegations of the indictment. You are to start on this investigation of these charges with the humane presumptions of the law that the defendants are innocent of the charges alleged against them, and to require the government to establish, beyond a fair and reasonable doubt, everything necessary to constitute the offense, and to establish the guilt of the defendants.

Three things must be established by the government to authorize a conviction of the defendants: *First,* that the paper containing the objectionable matter was deposited by them, or that they caused it to be deposited, at Toledo, in the post-office, for mailing; *second,* that the defendants knew that the paper contained the matter described; and, *third,* that the publication was obscene, lewd, lascivious, or indecent. The failure to make out either one will entitle the defendants to an acquittal.

It must be shown to your satisfaction, and beyond a reasonable doubt, that the paper containing the matter set out in the indictment was deposited, directly or indirectly, by the defendants, in the post-office at Toledo, for mailing or delivery, as charged. If it was deposited by their agent for that purpose, or some person acting directly under their orders, it would be the same as if done by themselves. If it was deposited by a person not their agent, and not acting under their orders or authority, then the defendants would not

be guilty of the offense. It will, then, be important for you to examine carefully the evidence on this point, and ascertain who did deposit the paper described in the indictment; under whose direction and authority he was acting when he did it; what relation the defendants sustained to the printing company who employed them; what was the scope of their duties respectively; who constituted the company; the relation the person who in fact did deposit the paper had to the corporation, or to the defendants; and all the circumstances disclosed in the evidence; and from all this determine.

If you are satisfied by the proof, beyond such fair and reasonable doubt, that the defendants did so deposit the paper, or cause the same to be so deposited, then, to authorize a conviction of the defendants, it must be shown that they knew at the time that the paper contained the article or objectionable matter set out in the indictment. This knowledge is essential to constitute the offense. If they did not know that the matter described was in the paper, then the offense is not made out, and they are entitled to an acquittal. This knowledge may be shown by direct or circumstantial evidence. To determine this knowledge, you will also consider all the evidence and the circumstances shown in the proof. All reasonable doubts on this point must be solved by you in favor of the defendants.

Next, was the publication obscene, lewd, lascivious, or indecent? Words used in the statute are to be understood in their usual and common signification. The dictionary defines these words as follows: "Obscene: Expressing or presenting to the mind or view something which delicacy, purity, and decency forbid to be expressed." "Lewd: Given to the unlawful indulgence of lust; eager for sexual indulgence." "Lascivious: Loose; wanton; lewd; lustful; tending to produce voluptuous or lewd emotions." "Indecent: Not decent; unfit to be seen or heard."

There is a test which has often been applied and approved of by the courts, in this class of cases, to determine whether the publication is obscene or indecent within the meaning of the statute before referred to. It is whether the tendency of the matter is to deprave and corrupt the morals of those whose minds are open to such influences, and into whose hands a publication of this sort may fall. Under these definitions, whether the matter set out in the indictmemt was obscene or indecent is a question of fact for you to determine. The defendants are entitled to the benefit of all reasonable doubts in this part of the case as in others; and all such doubts should be solved in their favor. The statute does not make the publication of obscene and indecent matter an offense. It consists in using the United States mails for its circulation. It is not designed or intended to prohibit the publication of obscene matter, but only to prohibit and prevent its circulation through the mails. Nor does the statute make a purpose or intent to deprave or demoralize the public, or injure individuals, an ingredient to constitute the offense. Nor does the truth or

falsity of the publication make any part of the offense; the only inquiry being, was the publication obscene or indecent, and was it placed in the mails for circulation in violation of the statute? You will bear in mind that you are only trying these defendants for such use of the mail, and not for the publication of the matter charged to be obscene and indecent; nor for any attempt to black-mail any citizen or individual, or injury resulting to any person by reason of the publication.

These defendants are indicted and tried together; but you may convict one, and acquit the other, or convict or acquit both, as the evidence may justify. The act of the one, or statement of either, separately made, does not bind the other. The knowledge of one is not the knowledge of the other. Each one can only be held responsible for his own acts and knowledge, and not that of the other. In all things in which they acted jointly, each would be responsible for such joint action.

The defendants being competent for that purpose, having offered themselves as witnesses, you will judge their testimony, and its reliability, as you do that of the other witnesses; and it is proper for you to consider the evidence offered by the government as to general character for truth and veracity, and give their testimony, as also that of all the witnesses, such weight and effect as you may think the same is entitled to receive.

Take the case, and make such findings as will satisfy you that you have rightfully decided the questions submitted to you, and return your verdict accordingly.

The jury found a verdict of guilty as to A. J. Bebout, and not guilty as to A. S. Bebout. A motion for new trial was overruled, and A. J. Bebout sentenced to one year at hard labor in the penitentiary of the state of Ohio, and payment of costs of prosecution.

### NOTE.

See, also, Bates v. U. S., 10 Fed. Rep. 92, and note, 97.

That the prohibition applies also to the mailing of sealed letters, see U. S. v. Gaylord, 17 Fed. Rep. 438; U. S. v. Hanover, Id. 444: U. S. v. Britton, Id. 731; U. S. v. Thomas, 27 Fed. Rep. 682, and note; U. S. v. Morris, 18 Fed Rep. 900, in which Justice DEADY overrules his contrary decision in U. S. v. Loftis, 12 Fed. Rep. 671.

In U. S. v. Williams, 3 Fed. Rep. 484, it was held that the provision does not apply to sealed letters; and the same doctrine was last year repeated in U. S. v. Comerford, 25 Fed. Rep. 902.

In Indiana, the offense is punishable under the state law also. See Thomas v. State, 2 N. E. Rep. 808.