## GILMORE *v.* THE STATE.

1. Exceptions which go merely to the form of an indictment must be made by motion to quash, or demurrer in writing, before pleading to the merits. An indictment may be quashed on oral motion for any defect for which the judgment on it should be arrested.

2. The omission of the words, " tending to debauch the morals," in an accusation based upon the Penal Code, § 390, for a notorious act of public indecency, is not such a defect as can be reached by an oral motion to quash.

3. The evidence, though not entirely satisfactory, is sufficient to bring the case within the rule, that, where there is any evidence to support the verdict, this court will not interfere with the discretion of the trial judge in overruling the motion for a new trial.

Submitted April 28, — Decided August 11, 1903.

Accusation of public indecency.  Before Judge Hammond.  City court of Griffin.    March 16, 1903.

*T. E. Patterson,* for plaintiff in error.

*J. D. Boyd, solicitor,* contra.

COBB, J.  The accused was placed on trial upon an accusation charging him with a violation of the Penal Code, § 390, it being alleged that he was guilty of a notorious act of public indecency consisting of the exposure of his private parts in a public place, where he might have been seen by many persons, and where he was in fact seen by two persons, one a man and the other a woman ; the accusation concluding with the words, " contrary to the laws of said State," etc.    Before pleading to the accusation, the accused moved orally to quash the same, on the ground that it failed to charge that the act of public indecency alleged " tended to debauch the morals."    This motion was overruled.    Having been convicted, the accused moved for a new trial, which was denied, and he filed a bill of exceptions complaining of the refusal of the court to sustain his motion to quash the accusation and to grant a new trial.

1.  The Penal Code, § 950, provides that " If the prisoner, upon being arraigned, shall demur to the indictment, . . .the demurrer . . shall be made in writing."    Where the accused desires to take exception to the form of an indictment or accusation, it is essential that he should do so by a demurrer or motion to quash, made in writing and before pleading to the merits.    If, however, the indictment or accusation is so defective that judgment upon it would be arrested, attention may be called to this defect at

any time during the trial, and it may be quashed on oral motion. These rules are clearly deducible from the decisions of this court dealing with the law embraced in the code section above quoted. See *Thomasson* v. *State,* 22 *Ga.* 499 (1); *Jordan* v. *State,* Id. 546 (3); *Wilder* v. *State,* 47 *Ga.* 523 ; *Thomas* v. *State,* 69 *Ga.* 747 ; *Wimbish* v. *State,* 70 *Ga.* 718; *Sims* v. *State,* 110 *Ga.* 290; *King* v. *State,* 117 *Ga.* 39.

2. It is therefore necessary to determine whether the motion to quash pointed out such a defect in the accusation as would have been good in arrest of judgment, or, in other words, whether the omission to allege that the act of public indecency "tended to debauch the morals" was a fatal defect and rendered the accusation void on its face. The code section under which the accusation was framed provides as follows: "Any person who shall be guilty of open lewdness, or any notorious act of public indecency, tending to debauch the morals, . . shall be guilty of a misdemeanor." Penal Code, § 390. The public and indecent exposure of the person and kindred acts were offenses at common law. 12 Am. & Eng. Enc. L. (2d ed.) 538. See also *Morris* v. *State,* 109 *Ga.* 351. The section under consideration was manifestly an effort to codify the common law on the subject. See Cobb's Dig. 815. Offenses of this nature were made punishable at common law, because they tended to corrupt the morals or were subversive of morality. 1 Hawk. P. C. 358. Mr. Bishop defines exposure of the person to be such an intentional exhibition in a public place of the naked human body as is calculated to shock the feelings of chastity in those who witness it, "or to corrupt their morals." 1 Bish. New Cr. L. § 1125. In United States *v.* Beabut, 28 Fed. 522, it was said that the test which determines the obscenity or indecency of a publication under the act of Congress prohibiting the sending through the mails of obscene or indecent publications is whether the tendency of the matter is to deprave and corrupt the morals of those whose minds are open to such influences and into whose hands the publication may fall. See also, in this connection, State *v.* Rose, 32 Mo. 560; 2 Whart Cr. L. §§ 1432 1468. The tendency to corrupt or subvert the morals was merely descriptive of the act necessary to constitute the offense. It was no part of the offense itself. It was not descriptive of the intention with which the act was committed. A person may have been guilty of an act having this effect with-

out having designed to bring about this result by the commission of the act.  The only way the effect of the act could be judged was by the act itself.  The question whether a given act tended to corrupt the morals was a question for the court to determine from the act itself.  It was in the nature of the case not a matter capable of extrinsic proof.  You can not prove or disprove by evidence that a given act was subversive of the public morals.  The words " tending to debauch the morals," occurring in the section under which the accused was convicted, therefore added nothing to the common-law offense.  Had these words been left out, it would still have been necessary to allege and prove an act which had this effect. The omission of the words resulted in no possible injury to the accused.  Their insertion would not have aided him in preparing his defense, nor have furnished any assistance to the court in determining whether the act alleged constituted an offense under the section.  Mr. Bishop says that the words, " to the great scandal of the said liege subjects," appearing in the English form of indictment for indecent exposure, were plainly superfluous ; as were also the words " to the evil and pernicious example of all others in like case offending," appearing in the North Carolina form.  2 Bish. New Cr. Proc. § 353.  See also 1 Bish. New Cr. Pr. § 647 ; 1 Chit. Cr. L. (5th ed.) *245.  It has been also held that an indictment for indecent exposure need not conclude, " to the common nuisance of all the citizens," though the offense is a common nuisance.  Com. v. Haynes, 2 Gray, 72, s. c. 61 Am. Dec. 437.

In as much, therefore, as the words " tending to debauch the morals " do not relate to a matter which the State must prove by evidence, or which is capable of being disproved in like manner by the accused, their omission can not afford him any cause of complaint.  Of course the indictment must allege an act which tended to corrupt or debauch the morals, but when an act which appears on its face to have had this effect is alleged, there need be no affirmative averment that it in fact did so.  See, in this connection, the intimation made in *Hembree* v. *State*, 52 *Ga.* 242, it being there suggested that when in an indictment for perjury the false statements alleged to have been made appear on their face to have been material to the issue on trial, it would not be indispensably necessary to aver that they were material.  It would seem to follow from the line of reasoning above employed, that the omission

of the words "tending to debauch the morals" would be immaterial, even as against a special demurrer properly filed. The question in the present case, however, is only whether their omission rendered the accusation fatally defective. We are clear that it did not, and that there was consequently no error in overruling the oral motion to quash the accusation.

3. The motion for a new trial is predicated solely upon the grounds that the verdict is contrary to law and the evidence. The evidence is not entirely satisfactory on the question of criminal intent, and there was at least, under the evidence, some doubt as to whether there was such a negligent exposure as would make the act criminal. Taking the evidence as a whole, however, it falls within the oft-repeated rule, that where there was any evidence to warrant the verdict, this court will not interfere with the discretion of the trial judge in refusing to set it aside. A well-defined case of indecent exposure ought to be met with severe punishment. Hardly any criminal act less deserves palliation or excuse. As stated above, however, this was not such a case, and the trial judge might very properly have exercised his discretion in awarding a new trial. Not having seen fit to do so, this court can not interfere.      *Judgment affirmed. By five Justices.*