STATE OF MISSOURI, Respondent, v. INGRAM and ADAMS, Appellants.

St. Louis Court of Appeals, April 24, 1906.

1. **PUBLIC NUISANCE: Tippling House: Statutory Offense.** In order to constitute the offense of maintaing a public nuisance as defined by section 2239, Revised Statutes 1899, the nuisance must be maintained "to the annoyance or injury of some portion of the inhabitants of the State," and in the prosecution of a person for maintaining a tippling house in violation of such section, it was error to authorize a verdict without requiring a finding to that effect.

2. ———: ———: **Common Law.** The common-law rule that the sale of intoxicating liquors is not a crime in the absence of statutory restrictions does not obtain in this State and therefore the maintenance of an unlicensed tippling house may be a nuisance in violation of the said section, provided it is maintained to the annoyance of any portion of the inhabitants of this State.

Appeal from Ripley Circuit Court.—*Hon. J. C. Sheppard*, Judge.

REVERSED AND REMANDED.

*John M. Atkinson* for appellant.

*Thomas F. Lane* and *James F. Fulbright* for respondent.

STATEMENT.—Defendants were informed against in the circuit court by the prosecuting attorney for maintaining a public nuisance in Ripley county. The charging part of the information is as follows:

Said defendants "did then and there unlawfully commit and maintain a public nuisance, at a certain place and building situated south of the St. Louis, Iron Mountain & Southern Railway Company's depot at and near the city of Doniphan, in said Ripley county, said place and building being commonly known as the Showman & Nance saloon building, by then and there running a common tippling-house and place where intoxicating liquors were daily and continuously sold contrary to law; and that said defendants daily and continuously sold intoxicating liquors unlawfully, to divers minors, whose names are unknown to the prosecuting attorney; that said defendants would permit persons to congregate at said place and building and become intoxicated on liquor sold to said persons unlawfully; that the names of said persons are unknown to the prosecuting attorney; that said defendants would permit quarrels and fights at said place and building and thereby cause disturbances, all to the great injury and annoyance of the inhabitants of the State of Missouri, and against the peace and dignity of the State."

Upon a trial being had before a jury, there was an abundance of evidence introduced on behalf of the State tending to prove that defendants maintained a tippling-house, where liquors were sold to whomsoever cared to buy and persons became intoxicated in and about said tippling-house.

On behalf of the State, the court instructed on the merits of the case as follows:

"The court instructs the jury that if you find and believe from the evidence in this case, that the defendants or either of them, at any time within one year next before the filing of the information in this cause, which

was on the 9th day of June, 1905, at and in the county of Ripley and State of Missouri in a building known as the Showman & Nance saloon building, did then and there conduct a common tippling-house, that is to say, a place where intoxicating drinks were sold in drams to be drunk upon the premises from time to time, and where persons resorted for the purpose of drinking intoxicating liquors from time to time, then you will find the defendants guilty as charged in the information and assess the punishment at a fine not exceeding one thousand dollars, or imprisonment in the county jail for a period not exceeding one year or by both such fine and imprisonment; and you are further instructed that you may find either one of the defendants guilty and the other not guilty according as you may believe from the evidence that he did or did not conduct the place as defined in this instruction.

"4. The court instructs the jury that before you can find the defendants, or either of them, guilty as charged in the information, you must find from the evidence, beyond a reasonable doubt, that they, or either of them, conducted in a building, commonly known as the Showman & Nance saloon building, a tippling-house or dramshop, where liquors are sold and persons congregated for the purpose of dram-drinking and purchasing such intoxicating liquors and that the defendants had no license or other authority to sell intoxicating liquors at such place.'"

There were no other instructions given on the elements of the offense, but the court also charged the jury on the question of reasonable doubt and other pertinent matters not necessary to mention here.

Defendants requested the court to instruct the jury that before they, or either of them, could be found guilty, it was necessary for the jury to find from the evidence that defendants "or either of them maintained a public nuisance to the annoyance or injury to any portion of

the inhabitants of this State." This the court refused. The jury found both defendants guilty, upon which verdict judgment was entered and defendants appeal here.

NORTONI, J. (after stating the facts).—The statute on which the information is predicated, is as follows:

"Every person who shall erect or maintain any public nuisance not specified in the four next preceding sections, to the annoyance or injury of any portion of the inhabitants of this State, shall be deemed guilty of a misdemeanor." [Sec. 2239, R. S. 1899.]

It will be observed that one of the elements of the offense of maintaining a public nuisance as defined in this section is, that it be maintained "to the annoyance or injury of any portion of the inhabitants of this State," and the pleader properly averred in the information that the defendant "did then and there unlawfully commit and maintain a public nuisance (specifying the tippling-house, etc.) to the great injury and annoyance of the inhabitants of the State of Missouri." But the record discloses that this essential element of the offense was not affirmatively found by the jury to have any existence whatever, and it would be necessary for the jury so to find before a conviction could properly be had, for it is no public nuisance under this statute to maintain an unlicensed tippling-house unless it is maintained to the annoyance or injury of a portion of the inhabitants of this State. By reference to the first and fourth instructions given by the court of its own motion on behalf of the State, it will appear that even though the offense charged was that of maintaining a public nuisance, the word "nuisance" is not contained in the instruction, nor did the court attempt to define a public nuisance or otherwise enlighten the jury on the material issue in the case. The instructions proceeded upon the theory that an unlicensed tippling-house is a public nuisance. The law on the subject with respect to

State v. Ingram and Adams.

tippling-houses and saloons, is thus stated in 9 Amer. and Eng. Ency. Law (2 Ed.), 521 and 522, as follows:

"A saloon or other house in which intoxicating liquors are sold is not a nuisance at common law, if it is properly conducted, for in the absence of statutory restrictions it is not unlawful to sell intoxicating liquors. But such a place becomes a common nuisance if conducted in such a way as to annoy, disturb or scandalize the people of the community, as where it is permitted to be the resort of drunkards, thieves, prostitutes, or other disorderly persons. It is not necessary, in order to render the place disorderly, that there shall be disorder or disturbance inside the house. It is sufficient if the place is so conducted as to collect idle and disorderly persons on the sidewalk in front, or elsewhere around the place, to the common annoyance and disturbance of the neighbors or passers-by. Such a place is also a common nuisance if intoxicating liquors are habitually sold there in violation of law."

It has been said that our statute on the subject does not undertake to cover all cases of public nuisances, and as to those not provided for by the statute, the common law remains in force. [State v. Boll, 59 Mo. 321.] This must be understood, of course, with the limitation that the settled rule on a given subject is the same as that at common law. We find that, notwithstanding the fact that a saloon or other house in which' intoxicating liquors are sold was not a nuisance at common law for the reason that it was not unlawful to sell liquors in the absence of statutory restrictions as stated in the text supra, this is not the law in this State, inasmuch as at a very early date our Supreme Court established the doctrine that because of its tendency to deprave public morals, the right to sell intoxicating liquors is not a natural privilege, but is a calling which no one has a right to pursue without first obtaining a permit or license from the proper authorities. [Austin v. State,

10 Mo. 591; State v. Bixman, 162 Mo. 1, 62 S. W. 828; Barnett v. Pemiscot County Court, 111 Mo. App. 693, 86 S. W. 575.] In view of this doctrine of our Supreme Court, the common law does not prevail here on this question, and we must treat it as a settled principle, at variance therewith, in the jurisprudence of Missouri, that the sale of liquors without a license is therefore unlawful, even in the absence of a statute so declaring. Be this as it may, the proposition that a disorderly, unlicensed tippling-house, maintained in violation of law, is a public nuisance, is quite true, generally speaking, but it is not sufficient in this State under the statute, unless it be maintained to the annoyance of a portion of the inhabitants of the State, as the legislative authority has imposed this as an essential element of the offense, and unless the jury so find, a conviction cannot be sustained therefor under the statute. The court erred in omitting this element of the offense in the instruction on behalf of the State, and in refusing the same proposition incorporated in defendants' second instruction.

2. The information charges that the nuisance was maintained in a building known as the "Showman & Nance saloon building." Having thus specifically described and identified the building in which the nuisance was alleged to have been maintained, the nuisance being in its nature one which involves some house or building, the allegation might possibly be taken as a matter of description and therefore the State required to make strict proof thereon. Without deciding the question, the court suggests that in view of the uncertainty of the evidence with respect to the particular building occupied, the State be permitted to amend its information in that respect.

The judgment will be reversed and the cause remanded with permission to the State to amend, if it be so advised. *Bland, P. J.,* and *Goode, J.,* concur.