### 28874. USRY *v.* HADDEN.

DECIDED JUNE 26, 1941.

*Casey Thigpen, M. C. Barwick,* for plaintiff in error.

*J. Roy McCracken,* contra.

STEPHENS, P. J. (After stating the foregoing facts.) ■ A person occupying a public office and performing the duties thereof, although he may not have been legally appointed or elected to the office, yet, where he holds under an apparent right or under color of title, he is a de facto officer. Such apparent right or color of title will be found in the appointment of such officer to the office by the legally constituted authority to make such appointment, although such appointment may be irregular and not in accordance with the requirements of law. *Hinton* v. *Lindsay,* 20 *Ga.* 746. The law authorizes the ordinary, at the second term of court in every second year, to appoint three suitable persons in every militia district as processioners of land for that district, and provides that vacancies may be filled in the same manner at any time, and that where no processioner is appointed the ordinary shall appoint at any regular term on application of any landowner. Code, § 85-1604. Since the ordinary, under the law, has the right to appoint a processioner, an appointment by him, although not made at the term of court or otherwise as provided by law, orally made outside the court-house, while he is on the street, by addressing the appointee and telling him that he is appointed processioner for the

designated district of the county, is sufficient to give the appointee who, pursuant to such appointment, assumes office and exercises the duties thereof, the apparent right or color of title to the office, and thereby to constitute him an officer de facto. The acts of an officer de facto in discharging the duties of the office are good and can not be collaterally attacked. *Hinton* v. *Lindsay*, supra. See further *Pool* v. *Perdue*, 44 *Ga.* 454 (2); *Waller* v. *Perkins*, 52 *Ga.* 233, 234; *Hawkins* v. *The Intendant &c. of Jonesboro*, 63 *Ga.* 527; *Tucker* v. *Roberts*, 151 *Ga.* 753 (108 S. E. 222); 46 C. J. 1057.

Assuming, but without deciding, that the processioner whose appointment is attacked was not legally appointed, it appears that he had such apparent right and color of title to the office as would render him an officer de facto. Therefore, his acts in performing the duties of processioner were legal, and the court did not err in overruling the motion to dismiss the proceedings as being void on the ground that the return of the processioners was illegal and void in that it had been made by only two processioners one of whom was not a processioner in that his oral appointment had been illegal.

■ There was no merit in the motion to dismiss the proceedings on the ground that the surveyor appointed by the processioners to run the lines was disqualified, where the ground of disqualification urged was that, in a former proceeding concerning the land lines between the same parties, the same surveyor had refused to act, holding himself disqualified because one of the parties, who was the same party as the protestant in this present case, had objected to the surveyor acting in the matter. It does not appear that the surveyor was disqualified, and the court did not err in overruling the motion to dismiss the proceedings on the ground that the return of the processioners was void in that the surveyor who had run the land lines under the authority of the processioners was disqualified.

■ Although it was contended that one of the processioners was not a legally appointed processioner, yet since it appeared as a matter of law that he was at least a de facto processioner and that his acts were legal, the court in the charge to the jury did not express an opinion upon a fact in controversy in stating that the applicant had applied to "the processioners of the district," in which the land was located, and that "the processioners" had made their return to the ordinary.

The court did not err in overruling the motions to dismiss the proceedings, and in overruling the motion for new trial.

*Judgment affirmed. Sutton and Felton, JJ., concur.*