## 52683. LODER v. THE STATE.

MARSHALL, Judge.

Our judgment in *Loder v. State,* 140 Ga. App. 166 (230 SE2d 124) was vacated on certiorari by the Supreme Court, and remanded for reconsideration by this court in view of *Thornton v. State,* 238 Ga. 160.

As we read the *Thornton* case, whenever the disclosure of an informer's identity is raised by a Brady motion (Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215)) the trial court must (1) conduct a hearing on the merits of the Brady motion (to wit: whether the state has evidence favorable to the accused that is material to guilt or punishment) and (2) consider the balancing requirements of Roviaro v. United States, 353 U. S. 53 (77 SC 623, 1 LE2d 639), (to wit: balancing the public interest in protecting the flow of information against the individual's right to prepare his defense). *Thornton* merely applied the Roviaro case as a limitation on a defendant's rights under Brady so that the state's privilege of nondisclosure would not be fully abrogated merely because a Brady motion was made. The error in the *Thornton* case was that the trial judge refused to conduct a hearing on the motion, and decided that the informer's identity was absolutely privileged.

In the present case, the trial judge did conduct a pre-trial hearing on appellant's motion to disclose. No

Brady motion was made in this case, therefore, *Thornton* really does not apply. Nevertheless, if one can read a Brady motion into appellant's motion to disclose, the trial judge satisfied the Brady requirement by, sua sponte, inquiring of the district attorney whether there was anything in his file favorable to appellant which had not been disclosed. After a moment, the district attorney responded, "No, sir." The trial judge also offered to examine the file himself, but the record does not show that appellant's counsel requested such *in camera* inspection.

Even though there was no material evidence disclosed, the trial judge proceeded further into the balancing requirements of Roviaro. The trial judge considered appellant's motion to disclose and made an adequate balancing of the state's privilege against disclosure and the defendant's right to prepare his defense and we are satisfied that appellant's rights were fairly protected by the trial court under the principles of Roviaro. For this reason we find that our original decision was correct, and we adhere to it.

*Judgment affirmed. McMurray and Smith, JJ., concur.*

SUBMITTED SEPTEMBER 8, 1976 — DECIDED MARCH 4, 1977 —
REHEARING DENIED MARCH 24, 1977 —

*Robert M. Coker,* for appellant.

*Lewis R. Slaton, District Attorney, Richard E. Hicks, Joseph J. Drolet, Assistant District Attorneys,* for appellee.