## 54188. WESTLEY v. THE STATE.

BIRDSONG, Judge.

Appellant Westley was convicted of a violation of the Georgia Controlled Substances Act, possession of marijuana.

1. Appellant attacks the validity of the search warrant under which the evidence was seized on the ground that the issuing officer, Dougherty County Associate Judge William T. Jones, issued the warrant some thirteen days before he received a formal appointment and oath of office.

The uncontroverted evidence shows that, at the time of issuance of the warrant in question, Judge Jones had served continuously in Dougherty County as a judge pro hac vice, acting judge, or associate judge since June 1, 1965. Due to an ambiguity in the Act creating the office of judge pro hac vice, the Act was amended by Ga. L. 1976, pp. 3176, 3180, which struck that portion of the original Act creating the office of judge pro hac vice and substituted a new section authorizing the appointment of associate judges. Unaware that the new law required a formal appointment, Judge Jones was informed by the judge of the state court that his title had simply been changed from judge pro hac vice to associate judge. At all times subsequent to the enactment of the law creating the office of associate judge, Judge Jones physically occupied the office of associate judge, held himself out to the public as associate judge, and performed the duties of that office under color of appointment by the judge of the state court.

The Albany Bar Association recognized him as an associate judge. It is also significant that, upon being apprised of the requirement of a formal appointment, Judge Jones was duly appointed and officially sworn to the office of associate judge of the State Court of Dougherty County.

The doctrine of the validity of acts of de facto officers is so well settled that it is embodied in Code § 89-101 et seq. (as amended, Ga. L. 1976, p. 464). The public convenience controls, for, as the court stated in *Smith & Bondurant v. Meador,* 74 Ga. 416, 419 (1884): "[I]t is better for society that the act de facto stand than that the business of society, the title to property, be all wrecked, because parties did not know that the term of office of the public official expired the day before." See *Mitchell v. Pittman,* 184 Ga. 877, 885 (194 SE 369) (1937). Similarly, Code § 89-310, and cases interpreting that section, state that the official acts of an officer are nonetheless valid for his omission to take and file oath. Whether Judge Jones is viewed as having "held over" from a previous office, or having simply failed to take an oath of the new office, the law is clear that his acts pursuant to that office are valid. *Usry v. Hadden,* 65 Ga. App. 227 (15 SE2d 629) (1941).

Appellant's enumeration of error concerning the validity of the search warrant is therefore without merit.

2. Appellant next asserts that the trial court erred in its refusal to exclude the testimony of the arresting officer that, when the defendant was discovered in the northwest bedroom of the apartment he was immediately asked, "Do you live here?" and the defendant answered in the affirmative. Appellant objected to the testimony on the ground that no Miranda warnings had been given prior to the asking of the question.

We find no error. Under similar facts, the court in *Jones v. State,* 127 Ga. App. 137 (193 SE2d 38) (1972), held that the investigating officer's question, "Where do you stay?", directed to the defendant, was a mere threshold inquiry, and a reasonable one. See also *Boorstine v. State,* 126 Ga. App. 90 (1) (190 SE2d 83) (1972). Similarly, in *Shy v. State,* 234 Ga. 816 (218 SE2d 599) (1975), wherein a defendant in custody was asked, prior to being given Miranda warnings, what had happened, he replied: " 'I

caught my wife and that son of a bitch and I shot him.' "
*Shy,* supra, p. 817. The court observed that the Miranda warnings are not required in " 'general on-the-scene investigation,' " and that "[t]he police on the scene of a crime are likely to detain temporarily anyone who tries to leave before a preliminary investigation." *Shy,* supra, p. 820. See Allen v. United States, 390 F2d 476 (DC Cir. 1968); Arnold v. United States, 382 F2d 4 (9th Cir. 1967). The Supreme Court in the *Shy* case concluded:

"Under the facts of the present case, it appears that, for all practical purposes, the appellant was in custody from the moment he was ordered by the officer to spread-eagle himself upon the ground and the officer began to search him for weapons. However, in our opinion, the single threshold inquiry of the officer as to what was happening was not an impermissible 'interrogation' under Miranda." P. 822. See also *Tucker v. State,* 237 Ga. 777 (229 SE2d 617) (1976).

At appellant's request, a Jackson-Denno hearing was held to determine the admissibility of appellant's statement after which the trial court admitted it into evidence. This court has held: "In a Jackson v. Denno (378 U. S. 368 (1964)) [a similar] type [of] hearing the presiding judge acts as the trier of fact and resolves the issues of truthfulness, credibility, etc. *Johnson v. State,* 233 Ga. 58 (209 SE2d 629). His decision will not be disturbed in the absence of obvious error, which does not exist in this case." *Ingram v. State,* 137 Ga. App. 412, 413 (224 SE2d 527) (1976). The evidence here supports the finding of the trial judge as to admissibility, and, absent obvious error, we are indisposed to overturn his decision.

3. Appellant urges error in the overruling of his motion for directed verdict. There was evidence that appellant was a co-resident of the apartment in which the contraband was found, in plain view both in the bedroom where appellant was found lying on the bed and in the kitchen. In this case, as in the cases of *Sheppard v. State,* 138 Ga. App. 597 (226 SE2d 744) (1976) and *Kenerleber v. State,* 137 Ga. App. 618 (224 SE2d 476) (1976), there was adequate evidence to support a finding, by the jury, of a combination of nonexclusive, joint possession, or, alternatively, exclusive possession on the part of the

appellant, as the facts warranted. In reviewing the overruling of a motion for a directed verdict, the proper standard to be utilized is the "any evidence" test. *Bethay v. State,* 235 Ga. 371 (219 SE2d 743) (1975); *Mitchell v. State,* 236 Ga. 251 (223 SE2d 650) (1976). Applying that standard to the evidence in this case, we find that the trial court did not err in overruling the motion for directed verdict.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED JULY 6, 1977 — DECIDED SEPTEMBER 8, 1977 — REHEARING DENIED SEPTEMBER 29, 1977.

*George W. Woodall,* for appellant.

*William S. Lee, District Attorney, Loring A. Gray, Jr., Assistant District Attorney,* for appellee.