### 60582. THE STATE v. MARTIN.

QUILLIAN, Presiding Judge.

We granted this interlocutory appeal by the State to determine whether the trial court abused its discretion in directing the State to disclose the identity of a confidential informant who provided the State with probable cause for issuance of a search warrant. *Held:*

The affidavit supporting the issuance of the search warrant shows that Detective W. P. Davis drove the "confidential informant"

to the "Charles Martin residence" and searched the informant before the informant went into the defendant's residence. The informant returned shortly "from within said residence" with "a quantity of marijuana" and stated that it had been purchased "from within the residence." The informant also witnessed another sale of marijuana within defendant's home at the same time. The detective saw the other person leave the defendant's house.

The search warrant issued and its execution at defendant's house resulted in the seizure of marijuana "from middle room closet," "from common-hallway closet," another "green plastic box containing marijuana," fifteen bags of marijuana from the defendant's room and marijuana was found on "Hufford's bookshelf" and in "Hufford's closet."

The defendant was charged with possessing more than one ounce of marijuana with intent to distribute. He filed several motions, inter alia, a Motion to Produce All Exculpatory Material and Information (Brady), and a Motion to Reveal the Identity of and Produce the Confidential Informant or Decoy.

Our Supreme Court has thoroughly examined the public policy of this State on the issue of disclosure of identity of an informer in *Thornton v. State,* 238 Ga. 160 (231 SE2d 729). It was noted that there are three types of informers — tipsters, witnesses, and participants. The identity of the tipster is "absolutely privileged." *Thornton v. State,* 239 Ga. 693, 694 (238 SE2d 376), U. S. cert. den. 434 U. S. 1073. "[I]f the informer is a participant or witness the trial court must weigh the materiality, to the defense, of the informer's identity against the state's privilege of protecting the identity of informers." Id. at 694.

In the instant case, as in *Thornton,* supra, the motion to disclose the identity of the informer was paired with a "Brady" motion for exculpatory material. Where such motions are combined the trial judge must (1) conduct a hearing on the Brady motion as to whether the State possesses information material to the guilt or innocence of the defendant, or punishment in the event of a conviction, and (2) if an informer's identity is required under the Brady standard, then the trial court must weigh the materiality of the informer's identity to the defense against the state's privilege not to disclose the identity of the informer. *Thornton v. State,* 238 Ga. 160, 165, supra. It is important to note in the instant case that the informant's participation merely established probable cause to search the defendant's residence. The defendant is charged with possession with intent to distribute and not for the sale of marijuana to the informant. Thus, in the strict sense, the informant was tipster and not a participant in the offense charged against the defendant.

In a Brady motion, "appellant has the burden of showing how his case has been materially prejudiced, even when the trial court declines to make an in camera inspection." *Hicks v. State,* 232 Ga. 393, 396 (207 SE2d 30). In *Gravitt v. State,* 239 Ga. 709 (239 SE2d 149), a case in which the defendant filed a Brady motion and a motion to disclose the identity of the informant, the court held: *"There being no showing that the lack of information impaired his defense,* the trial court did not err in denying appellant's motion for an in camera inspection of the district attorney's files for discovery purposes . . . [and] in refusing to order disclosure of the informer's identity . . . a mere tipster who neither witnessed nor participated in the [offense charged]." (Emphasis supplied.) Id. at 709-710.

The U. S. Supreme Court also follows the same procedure. "The necessity for disclosure depends upon 'the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.' [Cit.] *[The defendant] did not develop any such criteria* with reference to the merits of the case . . . *Having failed to develop the criteria of Roviaró* [v. United States, 353 U. S. 53 (77 SC 623, 1 LE2d 639)] *necessitating disclosure* on the merits, *we cannot say* on this record that *the name of the informant was necessary* to his defense." (Emphasis supplied.) Rugendorf v. United States, 376 U. S. 528, 534-535 (84 SC 825, 11 LE2d 887). This court has also held, in a case involving refusal to require disclosure of the identity of an informant, that "Brady does not establish an inflexible principle that requires the disclosure of informants' identities or of all evidence, but only that which is 'favorable to a defendant if the evidence is material to guilt or punishment.' [Cit.] In this case, *appellants made no showing* of, *and did not in any way call in issue any favorability or materiality of the informant's testimony* to the defense." (Emphasis supplied.) *Bennett v. State,* 153 Ga. App. 21, 27 (264 SE2d 516).

It is the same in the instant case. The motion to disclose the identity of the informer stated in part: "Defendants show that the identity of said informant or decoy is essential, relevant and material to their defense and is necessary to secure useful testimony and for a fair determination of the charges pending against them." This averment is not a "showing" of any fact or issue. It is nothing more than a conclusory allegation — entirely bereft of fact, proof, evidence, or substantiated reason or ground for belief that disclosure of identity of the informant would result in evidence favorable to the accused as to guilt or punishment.

"There is no constitutional right to discovery in a criminal case, and *Brady,* supra, did not create one." Weatherford v. Bursey, 429 U.

S. 545 (2a) (97 SC 837, 51 LE2d 30). The State, through the affidavit and warrant, revealed the extent of participation by the informant. And, the record before us, and before the trial court, is devoid of any fact, evidence, or circumstance that would tend to indicate that the informant was anything more than an individual who provided the state with evidence to establish probable cause for issuance of the warrant and was not a witness or participant to the offense with which the defendant is charged. Nor does the defendant allege that the informant was a witness or participant or could provide evidence supporting any defense, or present testimony or evidence material to his guilt or innocence, or his sentence in the event of conviction.

The U. S. Supreme Court has held that the prosecution need not disclose the name of an informant who provided the police with probable cause for a search. McCray v. Illinois, 386 U. S. 300 (87 SC 1056, 18 LE2d 62); Rugendorf v. United States, 376 U. S. 528, supra. Our Supreme Court has also held that there was no necessity to reveal the name of an informer " 'where the issue is a preliminary one of probable cause and guilt or innocence is not at stake.' " *Keith v. State,* 238 Ga. 157, 158 (231 SE2d 727). Even if the informant were a witness this would not be controlling "where such evidence is not necessary to obtain a conviction." *Taylor v. State,* 136 Ga. App. 31 (1) (220 SE2d 49); accord, *Estevez v. State,* 130 Ga. App. 215 (2) (202 SE2d 686); *Kitchens v. State,* 134 Ga. App. 81 (3) (213 SE2d 180); see also *Loder v. State,* 140 Ga. App. 166, 168 (1) (230 SE2d 124), vacated 238 Ga. 200 (232 SE2d 71) affd. 141 Ga. App. 665 (234 SE2d 132).

Accordingly, absent a showing that the disclosure of an informer's identity or the contents of his communications, if any, are relevant and helpful to the defense of an accused, or are essential to a fair determination of a cause relating to the guilt or sentence of such accused, the court erred in requiring disclosure of the identity of an informant whose participation was limited to the establishment of probable cause for the issuance of a search warrant.

*Judgment reversed. Shulman, J., concurs. Carley, J., concurs specially.*

Submitted September 16, 1980 — Decided November 21, 1980 —

*William Bryan Huff,* District Attorney, *Gerald W. Brown, Assistant District Attorney,* for appellant.

*Glyndon Pruitt,* for appellee.

CARLEY, Judge, concurring specially.

I agree with the majority that because there was absolutely no showing that the disclosure of the informant's identity would be material and of benefit to the defense in such a manner as to outweigh the state's privilege of protecting the identity of the informant, the trial court erred in requiring disclosure of the informant's identity. Therefore, I concur in the judgment of reversal.