## 68334. FREEMAN v. THE STATE.
### (322 SE2d 289)

SOGNIER, Judge.

Appellant was convicted in a bench trial of possession of cocaine, methaqualone, amobarbitol and secobarbitol, and amphetamine, all violations of the Georgia Controlled Substances Act. On appeal he contends the trial court erred by denying his motion to suppress evidence, and by denying his motion to compel disclosure of the identity of the confidential informant involved in this case.

Based on information received from two reliable informants Sergeant Chipman of the LaGrange, Georgia Police Department obtained a search warrant for appellant's apartment from Marc Acree, Recorder's Judge Pro Tem. When the search warrant was executed, cocaine, methaqualone, secobarbitol, amobarbitol and amphetamine were found in appellant's apartment.

1. Appellant contends it was error to deny his motion to suppress because Marc Acree was not a proper person with authority to issue a search warrant, making the warrant null and void, and even if he was authorized to issue a search warrant there was no probable cause to issue the warrant.

Marc E. Acree was appointed as Recorder's Court Judge Pro Tem by order of James T. Thomasson, Jr., Judge, Recorder's Court, City of LaGrange, Georgia. The search warrant in the instant case was issued by Acree acting pursuant to that appointment. At all times subsequent to his appointment Acree held himself out to the public as a Recorder's Judge Pro Tem and performed the duties of that office, including accepting guilty pleas, issuing search warrants, holding preliminary hearings, etc. In a long line of cases both the Supreme Court and this court have held that the fact that a person is ineligible to hold a particular office, or has failed to take an oath, does not prevent that person from being an officer de facto, and while de facto in such office, competent to act therein. *Pool v. Perdue*, 44 Ga. 454 (1871); *Wright v. State*, 124 Ga. 84 (1) (52 SE 146) (1905); *Tarpley v. Carr*, 204 Ga. 721 (1) (51 SE2d 638) (1949); *Varnadoe v. Housing Auth.*, 221 Ga. 467, 471 (7) (145 SE2d 493) (1965); *Westley v. State*,

143 Ga. App. 344, 345 (1) (238 SE2d 701) (1977); *Beck v. State of Ga.*, 144 Ga. App. 361, 363 (2) (241 SE2d 305) (1977).

In *Westley*, supra, we pointed out that the doctrine of the validity of acts of de facto officers is so well settled that it has been embodied in our code (OCGA § 45-2-1). As a de facto officer Acree's acts cannot be collaterally attacked and set aside. *Little v. State*, 157 Ga. App. 462, 463 (2) (278 SE2d 17) (1981). Thus, the search warrant was not null and void, and there is nothing in the record to indicate that Acree did not act in a neutral and detached manner in issuing the warrant.

As to probable cause to issue a search warrant, Sergeant Chipman received information from a confidential informant that he had seen a large amount of cocaine in appellant's apartment within the last six days. Chipman had also received information on several occasions over a period of six to seven months that appellant was dealing in large amounts of cocaine. Captain Raymond Anderson of the LaGrange Police Department received information from a second informant that known drug dealers had visited appellant's apartment several times a week during the preceding two weeks. Both Chipman and Anderson appeared before Acree; after satisfying himself of the reliability of the informants, and based on the other information contained in a sworn affidavit (both officers were placed under oath), Acree issued the warrant. "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed." Illinois v. Gates, ___ U. S. ___ (103 SC 2317, 76 LE2d 527). Applying this rule to the facts of the instant case, we believe that Acree had a substantial basis for concluding that probable cause existed to issue the warrant. Accordingly, it was not error to deny appellant's motion to suppress the evidence.

2. Appellant contends the trial court erred by denying his motion to compel disclosure of the identity of the informant because the informant participated in the offense, and because it is questionable if an informant actually existed.

Appellant's contentions are not supported by the transcript. In regard to the informant's participation in the offenses charged, both Chipman and Anderson were present when the search warrant was executed, and both testified that their respective informants were not present when the drugs forming the basis of these charges were found. As pointed out by appellant in his brief, the State does not have to

reveal the identity of an informant if he was a pure tipster, who neither participated in nor witnessed the offense. *Thornton v. State,* 238 Ga. 160, 165 (2) (231 SE2d 729) (1977); *State v. Martin,* 156 Ga. App. 554, 555 (275 SE2d 129) (1980). In *Martin,* as here, the informant's information merely helped establish probable cause to search appellant's residence. Appellant was charged with possession of the drugs found in the search, not with the sale of cocaine observed by the informant a few days earlier. Thus, the informant was a tipster and not a participant in the offenses charged; as such, his identity was absolutely privileged. *Martin,* supra.

Appellant's contention that the informant was non-existent is mere speculation, unsupported by the transcript. This court cannot consider factual representations in a brief which do not appear in the record. *Gray v. State,* 156 Ga. App. 117, 119 (3) (274 SE2d 115) (1980).

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED SEPTEMBER 4, 1984 —
REHEARING DENIED SEPTEMBER 20, 1984

*R. Michael Key, Michael G. Kam,* for appellant.
*Arthur E. Mallory III, District Attorney,* for appellee.