46542. COLLINS v. THE STATE.
(379 SE2d 511)

HUNT, Justice.

Willie Frank Collins was convicted of the murders of Willie James Royal and his son, Willie James Campbell, and was sentenced

to consecutive life sentences.[1] He appeals raising enumerations of error involving the admissibility of photographs, charges to the jury, and the trial court's failure to grant the defendant's motions for directed verdict, mistrial, and new trial. We affirm.

On the night of December 28, 1987, the evening after the defendant had argued with the older victim, the defendant met the victims at a lounge in Crisp County known as Cisco Lounge. After another altercation, the defendant obtained a gun and confronted the victims a second time. He killed both of them. At trial, he claimed he shot the victims in self-defense after he saw the older victim pulling a gun out of his pocket. No guns were found on the victims.

1. Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State*, 245 Ga. 89, 90 (263 SE2d 131) (1980). We therefore, hold the trial court did not err in failing to direct a verdict in favor of the defendant or to grant a new trial on the general grounds.

2. Preceding the trial of this case, the trial court, as a part of the ceremony to begin a week of criminal trials, presented to the entire array of jurors certain "preliminary instructions."[2] Among them were these relating to the testimony, or lack thereof, of a defendant:

> As a matter of law in this state, one charged with the commission of a crime may testify in his own behalf or her own behalf or not as they choose. If a defendant does not testify, you are not permitted to draw any inference whatsoever from the defendant's election not to testify, it should in no way affect your consideration of the actual evidence presented to you. That is non-evidence and should not be considered. If the defendant does testify, on the other hand, he at once . . . becomes the same as any other witness in your judgment. It is then for you to apply the same standards to the defendant's testimony as you apply to any other witness and deter-

---

[1] The shootings occurred on December 28, 1987. The defendant was indicted on May 2, 1988, and tried on August 16 and 17. He filed his motion for new trial on August 19, and the transcript was certified on October 7. The motion for new trial was amended on November 23, and denied on December 2. The notice of appeal was filed on December 5, docketed here on December 28, and submitted for decision on February 13, 1989.

[2] See *Suggested Pattern Jury Instructions, Vol. 2 Criminal Cases*, pp. 2-8, Council of Superior Court Judges. We note that in these suggested instructions no separate reference is made to the defendant as a witness. We think this omission is the better practice in the preliminary instructions which presumably apply to all cases. In the individual case, at the conclusion of the evidence, if the defendant requests a charge relating to his credibility or to his right to remain silent, that is another matter.

mine the credibility from those standards. You have, however, the right, of course, to take into consideration the *extreme* interest that any defendant certainly has in the outcome of the case being tried. [Emphasis supplied.]

Collins contends that these preliminary remarks violated his right not to testify, placed his character in issue, and communicated to jurors the trial court's opinion of his credibility. Without addressing the merits of this complaint, we note that at no time did he object, reserve objection, or otherwise bring this matter to the trial court's attention. Consequently, we will not consider it.[3] *Foshee v. State*, 256 Ga. 555, 557 (350 SE2d 416) (1986).

3. The trial court committed no error in admitting two photographs of the crime scene into evidence. *Ramey v. State*, 250 Ga. 455, 456 (298 SE2d 503) (1983).

4. The defendant moved for a mistrial when the district attorney asked a defense witness, who had testified on direct examination that he was presently confined at the Crisp County jail, "Y'all [the witness and the defendant] are bunkmates, aren't you? . . . In the same place together?" The trial court denied the motion, and the defendant urges the denial as error, claiming the remark improperly injected his character into evidence. We disagree. The evidence was admissible on the issue of the witness' credibility and only tangentially reflected on the defendant's character, since he was incarcerated for the crime on trial. We find no abuse of discretion. See *Mulkey v. State*, 250 Ga. 444 (3) (298 SE2d 487) (1983).

5. Having relied on self-defense at trial, the defendant was not entitled to a charge on involuntary manslaughter (lawful act) and the trial court did not err in refusing to so charge. *Saylors v. State*, 251 Ga. 735, 737 (309 SE2d 796) (1983).

Having found no grounds for reversal, the judgment of the trial court must be affirmed.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 25, 1989.

*David E. Morgan III,* for appellant.
*John C. Pridgen, District Attorney, Michael J. Bowers, Attorney General, C. A. Benjamin Woolf,* for appellee.

---

[3] Collins, in fact, testified. A similar charge fixing the standard for evaluating his credibility the same as for any other witness and omitting the word "extreme" as used above to modify "interest," was given and it, likewise, generated no objection.