S89A0043. McLENDON v. THE STATE.

(387 SE2d 133)

BELL, Justice.

The appellant, Lorine Jordan McLendon, was convicted of the felony murder of her husband, Thomas Wayne McLendon.[1] She was sentenced to life in prison. She appeals the conviction, contending that the search warrant used to obtain evidence from her apartment was not issued by a proper judicial officer; that certain evidence was improperly admitted at trial; and that the trial court erred in forcing her to choose between jury charges on self-defense and involuntary manslaughter. We affirm.

The victim returned home from work around 7:00 p.m. on the evening of January 27, 1987, and found his wife and her brother, Thomas Cox, drinking beer. They had been drinking since early that afternoon. Cox testified that when the victim got home Mrs. McLendon started "raising hell" and asked him why he was coming home so late. The victim responded that he had had to work late, and then sat down in the living room and drank beer. The spouses continued to argue sporadically throughout the evening.

Later that evening, the victim announced he was going to bed. Mrs. McLendon followed him into the bedroom, and they began argu-

---

[1] The crime occurred on January 27, 1987. McLendon was indicted for the crime on March 26, 1987. Following a jury trial, McLendon was found guilty and sentenced on January 26, 1989. McLendon filed her notice of appeal on February 24, 1989, and the court reporter certified the transcript on March 31, 1989. The appeal was docketed in this court on May 25, 1989, and was submitted on briefs on July 7, 1989.

ing again. She started throwing his clothes on the floor and told him to get out. She then threw a lamp at the victim, striking him on the hand. He returned to the living room and sat down on the couch. Meanwhile, Mrs. McLendon went to the kitchen, and Cox heard her rattling silverware. She returned to the living room with a butcher knife and said, "Tom, I'm going to kill you." The victim stood up, and Mrs. McLendon stabbed him with the butcher knife.

As Mrs. McLendon went into the kitchen to wash the blood off the knife, Cox ran across the street and asked a neighbor to summon the police and an ambulance. Shortly thereafter, the police and an ambulance arrived at the scene. The victim was taken to a hospital, where he died about 8 hours later.

Mrs. McLendon was in the apartment when the police arrived. As the police were securing the crime scene, Mrs. McLendon stated, "I hope he [the victim] dies." Moreover, as the police were escorting Mrs. McLendon from her apartment, she stated, "I sure did stab him, didn't I?" One of the arresting officers then gave her *Miranda* warnings.[2]

Several hours after her husband's death, Mrs. McLendon was questioned by a police officer at a local detention center. The questioning officer only gave her a partial *Miranda* warning before the questioning. However, according to the officer, Mrs. McLendon did indicate she understood her rights and proceeded to state, "I'm the one that did that to him."

1. Having examined the evidence in the light most favorable to the verdict, we conclude that the evidence is sufficient for a rational trier of fact to have found Mrs. McLendon guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In her first enumeration of error Mrs. McLendon contends the trial court erred in denying her motion to suppress the evidence obtained from her apartment. She asserts that the search warrant used to obtain the evidence was invalid, because, for various alleged reasons, the magistrate who issued the warrant was not properly holding office. However, even assuming irregularities exist concerning the position of the magistrate, we conclude the magistrate was an officer de facto and that her acts while sitting as magistrate, including the issuance of the search warrant in question, are valid. *Freeman v. State*, 172 Ga. App. 168, 168-169 (1) (322 SE2d 289) (1984); *Westley v. State*, 143 Ga. App. 344, 344-345 (1) (238 SE2d 701) (1977).

3. In Mrs. McLendon's second enumeration of error she contends

---

[2] The police officers who testified about these two statements said that Lorine made the statements spontaneously. Lorine did not challenge the admissibility of these two statements.

the trial court improperly allowed the state to place her character in issue by allowing questions about a prior incident in which she stabbed the victim. We find no error. The evidence in question was relevant and admissible to show Mrs. McLendon's intent and bent of mind at the time of the crime. *Rainwater v. State,* 256 Ga. 271, 272 (1) (347 SE2d 586) (1986); *Cooper v. State,* 256 Ga. 234, 235 (1) (347 SE2d 553) (1986).

4. In her third enumeration of error, Mrs. McLendon alleges the trial court erred in admitting into evidence the statement she made at the detention center. She contends the statement was improperly admitted because she was intoxicated when the initial *Miranda* warnings were given to her, thus making that *Miranda* warning ineffective, and because the statement was taken after incomplete *Miranda* warnings.

We need not reach the issue whether the first *Miranda* warnings made the statement in question admissible, because we conclude that, even if the trial court erred in admitting the statement, the error was harmless. Thomas Cox testified he witnessed Mrs. McLendon stab her husband, and Mrs. McLendon volunteered at the crime scene that she stabbed him. It is undisputed that the foregoing evidence regarding the stabbing was admissible. The statement Mrs. McLendon made at the detention center was consistent with this other evidence. The cumulative nature of the detention-center statement renders harmless any error in admitting the statement in question. *Foster v. State,* 258 Ga. 736, 742 (8) (b) (374 SE2d 188) (1988). Moreover, any error is also rendered harmless because of the overwhelming evidence of Mrs. McLendon's guilt. Id.

5. In Mrs. McLendon's fourth enumeration of error she contends the trial court improperly required her to choose between requesting a jury charge on self-defense and one on involuntary manslaughter. We find no error. *Saylors v. State,* 251 Ga. 735, 737 (3) (309 SE2d 796) (1983); *Thompson v. State,* 257 Ga. 481, 482 (4) (361 SE2d 154) (1987).

*Judgment affirmed. All the Justices concur, except Hunt, J., who concurs in the judgment only.*

DECIDED JANUARY 11, 1990.

*Marc D. Cella,* for appellant.

*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys, Michael J. Bowers, Attorney General, C. A. Benjamin Woolf,* for appellee.