### A91A0329. LOVE v. THE STATE.
(405 SE2d 308)

McMURRAY, Presiding Judge.

Defendant Love appeals his conviction on two counts of aggravated assault. *Held*:

1. Defendant's first enumeration contends the trial court erred in admitting into evidence a photograph which depicted the scene of the crime. The photograph depicts, in the foreground, a small store, located on an otherwise residential street. A police officer, who had responded to a report of a shooting, testified that this photograph accurately portrayed the location at the store where he found the two victims who had been shot. Defendant's objection is based on the appearance in the background of the photograph that the street on which the store is located is a dead end. The officer testified that, although the street in the photograph appeared to dead end, it did not and one could make a left turn at the end of the street.

Generally, there is no error in admitting photographs that depict a crime scene. *Collins v. State*, 259 Ga. 250, 252 (3) (379 SE2d 511). The task of determining whether a photograph is a fair and accurate representation of the scene sought to be depicted is assigned to the trial court, whose discretion will not be disturbed on appeal unless manifestly abused. *Williams v. State*, 255 Ga. 97, 101 (335 SE2d 553); *Brooks v. State*, 244 Ga. 574, 582 (261 SE2d 379). A photograph need not be flawless in order to be admissible. *White v. State*, 251 Ga. 482, 485 (3) (306 SE2d 636). In the case sub judice, the trial court did not err in concluding that the probative value of the accurate depiction of the crime scene outweighed any prejudice arising from the failure to fully depict the distant end of the street.

Defendant's additional contention that several of the State's exhibits should not have been admitted into evidence because not supplied to defendant prior to trial in response to a discovery request is without merit. Pretermitting issues as to the viability of a criminal defendant's discovery request for non-exculpatory evidence, we need only note that this having been raised for the first time on appeal it is deemed waived. *Romano v. State*, 193 Ga. App. 682 (1) (388 SE2d 757).

2. The trial court did not err in curtailing defendant's cross-examination of a State's witness concerning the witness' unrelated criminal conviction. The only possible relevance of such evidence was the

impeachment of the witness and such must be accomplished by the prescribed method. "[A] witness cannot be discredited by his own testimony that he had been convicted of an offense involving moral turpitude without introducing an authenticated copy of the record from the court in which he was convicted. [Cit.]" *Dabney v. State*, 154 Ga. App. 355, 356 (4) (268 SE2d 408). See also *Allen v. State*, 152 Ga. App. 481, 483 (4) (263 SE2d 259). There was no denial of defendant's right to a thorough and sifting cross-examination of the witness. *Herrin v. State*, 138 Ga. App. 729, 731 (6) (227 SE2d 498). (See *Patterson v. State*, 238 Ga. 204, 207 (232 SE2d 233), disapproving the holding in Division 10 of *Herrin v. State*, supra, which is inconsistent with the holding in *Patterson v. State*, supra.)

3. In polling the jury, the trial court asked each juror individually, "is this your verdict?" and after receiving an affirmative response, "[w]as this your verdict in the jury room?" All jurors having answered both questions affirmatively, the minimum requirements of the defendant's right to poll the jury were satisfied. *Burnett v. State*, 240 Ga. 681, 688 (11) (242 SE2d 79); *Campbell v. State*, 111 Ga. App. 219, 220 (7) (141 SE2d 186). The trial court did not err in refusing to also ask whether the verdict was freely and voluntarily made. *Hudson v. State*, 237 Ga. 241 (3) (227 SE2d 257).

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED APRIL 1, 1991.

*James H. Dickey*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Assistant District Attorneys*, for appellee.