## A91A2041. DYE v. THE STATE.
(413 SE2d 500)

McMurray, Presiding Judge.

Defendant Dye appeals his conviction of the offense of voluntary manslaughter. The sole enumeration of error contends the trial court erred in refusing defendant's request to charge on involuntary manslaughter rather than on self-defense. *Held:*

Requests to charge on the issues of self defense, involuntary manslaughter in the commission of an unlawful act other than a felony, and involuntary manslaughter in the commission of a lawful act in an unlawful manner were submitted by defendant at the beginning of the trial. Defendant contends that, by doing so, he preserved a right to withdraw the charges on involuntary manslaughter or self-defense at the close of evidence so as to effect an election as to which of these issues would be submitted to the jury. The position advocated by defendant is predicated on the statement of a contention raised by the defendant in *McLendon v. State*, 259 Ga. 778, 780 (5) (387 SE2d 133).

We do not find the proposition stated by defendant to be a correct statement of the law. *McLendon* is based on the proposition that "a defendant who seeks to justify homicide under the 'self-defense' statute, OCGA § 16-3-21 . . . is not entitled to an additional instruction on involuntary manslaughter in the course of a lawful act, (OCGA § 16-5-3 (b) . . .), *whatever* the implement of death.

"For if he is justified in killing under OCGA § 16-3-21 he is guilty of no crime at all. If he is *not* so justified, the homicide does not fall within the 'lawful act' predicate of OCGA § 16-5-3 (b) . . . , for the jury, in rejecting his claim of justification, has of necessity determined thereby that the act is not lawful." *Saylors v. State*, 251 Ga. 735, 737 (3) (309 SE2d 796). See also *Lamon v. State*, 260 Ga. 119, 120 (2) (390 SE2d 582); *Collins v. State*, 259 Ga. 250, 252 (5) (379 SE2d 511); *Johnson v. State*, 259 Ga. 235, 236 (3) (378 SE2d 859); *Thompson v. State*, 257 Ga. 481, 482 (4) (361 SE2d 154); *Griffin v. State*, 199 Ga. App. 646, 648 (3a) (405 SE2d 877); *Bangs v. State*, 198 Ga. App. 404, 405 (2) (401 SE2d 599). The underlying principle is simply that "[a] charge on involuntary manslaughter is not warranted even if it is the sole defense if the evidence does not support the charge." *Turner v. State*, 261 Ga. 439, 443 (6) (405 SE2d 660). In the case sub judice, defendant testified that he was fighting with the victim when he took a knife from his pocket and stabbed the victim in order to prevent harm to himself. This was either self-defense or an offense greater than involuntary manslaughter. If defendant was not justified in killing the victim the homicide does not fall within the "lawful act" predicate of OCGA § 16-5-3 (b). *Saylors v. State*, 251 Ga. 735, 737 (3), supra. The unlawful use of a knife, a deadly weapon, to stab the victim constituted the felony of aggravated assault, thus a charge on in-

voluntary manslaughter in the commission of an unlawful act other than a felony would have been improper. *Lolley v. State*, 259 Ga. 605, 607 (4) (385 SE2d 285). The trial court did not err in refusing to charge on involuntary manslaughter.

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED NOVEMBER 21, 1991.

*Robert W. Lavender, Michelle C. Feinberg*, for appellant.
*Lindsay A. Tise, Jr., District Attorney, John H. Bailey, Jr., Assistant District Attorney*, for appellee.