## A93A1975. THE STATE v. BARNES.
(436 SE2d 798)

BLACKBURN, Judge.

The appellee, Carl Barnes, was charged with driving under the influence of alcohol and having no proof of insurance. The trial court granted his motion to suppress, on the grounds that the arresting officer had illegally stopped Barnes' vehicle, and the State appeals.

At the hearing on the motion to suppress, the arresting officer testified that on September 3, 1992, he was assigned to a task force to stop drug and prostitution activity in the Flat Shoals Road/Fayetteville Road area of DeKalb County. Residents in that area had specifically complained of such activity occurring at a particular car wash. At 12:56 a.m., the officer observed Barnes drive into the parking lot of the car wash and pick up a known prostitute and drug user who was standing by the facility's motor housing. He pulled into the parking lot after Barnes drove away rapidly when he noticed the officer. The officer followed Barnes out of the parking lot, and then stopped Barnes' vehicle because of his suspicion that either a drug transaction or act of prostitution was about to transpire.

After making the stop, the officer asked for Barnes' driver's license and proof of insurance. Barnes fumbled around in his wallet but was unable to produce either item. Barnes' speech was slurred as he looked for his driver's license, and there was a strong odor of alcohol on his breath. The officer also noticed that Barnes' eyes were bloodshot. When Barnes refused to take some field sobriety tests, the officer arrested him for DUI and no proof of insurance. He did not charge the prostitute with any offense, or take her into custody.

"Reasons for brief investigatory stops need not rise to the level of probable cause to make an arrest, but merely to the level of articulable suspicion that the law was being violated. [Cits.]" *Harris v. State*, 205 Ga. App. 813, 814 (423 SE2d 723) (1992). " 'What is demanded of the police officer, as the agent of the state, is a founded suspicion, some necessary basis from which the court can determine that the detention was not arbitrary or harassing. . . .' " *State v. Holton*, 205 Ga. App. 434, 436 (422 SE2d 295) (1992). The trial court's findings on questions of fact and credibility at a suppression hearing must be accepted on appeal unless clearly erroneous. *Harris v. State*, supra.

In the instant case, the basis for Barnes' motion to suppress, and for the trial court's grant of that motion, was that the arresting officer stopped Barnes' vehicle solely because he had picked up a known

prostitute. However, that conclusion overlooks several other, undisputed circumstances surrounding the decision to stop Barnes' car: there had been recent complaints from area residents regarding drug and prostitution activity at a particular car wash; the passenger picked up by Barnes at that car wash was a known prostitute and drug user; the police officer's experience had taught him that drug transactions and prostitution often occur together; Barnes arrived at the car wash at 12:56 a.m., not a normal time to wash a car; and Barnes attempted to drive away rapidly when he realized that the officer had observed him picking up his prostitute passenger.

These undisputed circumstances supplied the arresting officer with the necessary "founded suspicion" that criminal activity was about to occur, authorizing the brief investigatory stop of Barnes' car. The trial court's effort to protect the rights of the citizenry is commendable; however, the court failed to consider the totality of the circumstances in erroneously suppressing the State's evidence, and must be reversed.

*Judgment reversed. McMurray, P. J., and Johnson, J., concur.*

DECIDED OCTOBER 26, 1993.

*Ralph T. Bowden, Jr., Solicitor, R. Javoyne Hill, Cliff Howard, Assistant Solicitors*, for appellant.
*Teddy R. Price*, for appellee.