## A94A2708. PHILLIPS v. THE STATE.
(451 SE2d 517)

BLACKBURN, Judge.

Following a trial by jury, the appellant, David Lee Phillips, was found guilty of possession of cocaine with intent to distribute and of driving on a suspended operator's permit. Phillips was sentenced to life imprisonment on the violation of the Georgia Controlled Substances Act and 12 months confinement on the suspended license charge. This appeal followed the denial of his motion for new trial.

On December 8, 1993, Officer Miller of the Special Duty Unit of the Moultrie Police Department received an anonymous telephone call advising him that Phillips was driving a blue Cutlass Calais, that Phillips' license had been suspended and that Phillips had contraband in the vehicle. Officers Bryant and Lovett, who were with Miller when the call was received, had arrested Phillips for driving without a license the previous month.

Miller, Bryant, and Lovett later sighted Phillips' car and turned on their blue lights. As Phillips made a right-hand turn before coming to a stop, Officer Miller recognized him as his son's uncle, a man he had known for years. Phillips was placed under arrest when he was unable to produce his driver's license. Thereafter, the vehicle was inventoried, and Officer Lovett found a Tylenol bottle with a red cap on the driver's side under the center portion of the front seat. The bottle contained 100 rocks (4.2 grams) of cocaine, an amount having a value of at least $1,000 and large enough in the experience of Officers Bryant and Lovett to indicate possession for resale.

1. Phillips first enumerates the general grounds in challenging the sufficiency of the evidence to support his convictions. We have reviewed all evidence of record and conclude that the jury was authorized under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), to find Phillips guilty beyond a reasonable doubt.

2. Phillips next asserts that the indictment was insufficient to enable him to prepare a defense. In this regard, Phillips contends that the indictment was defective because it failed to plead whether the possession was constructive, joint, or otherwise. We disagree.

" 'It is not the name, but the description of the crime, which characterizes the offense charged.' *Lipham v. State*, 125 Ga. 52 (1) (53 SE 817) (1906). An indictment in which the allegations track the language of the applicable Code section is good as against a general demurrer. OCGA § 17-7-54 (a); *Dunbar v. State*, 209 Ga. App. 97, 98 (2) (432 SE2d 829) (1993); *Camp v. State*, 3 Ga. 417 (1) (1847). An alleged variance between the offense as named or the Code section cited and the allegations specified in the indictment goes only to the form of the indictment. *State v. Eubanks*, 239 Ga. 483, 489 (238 SE2d 38)

(1977). 'Where the accused desires to take exception to the form of an indictment . . . , it is essential that he should do so by a demurrer or motion to quash, made in writing and before (entering a) pleading to the merits.' *Gilmore v. State,* 118 Ga. 299 (1) (45 SE 226) (1903); Uniform Superior Court Rule 31.1." *Bentley v. State,* 210 Ga. App. 862 (438 SE2d 110) (1993). Phillips waived all claims of error to the form of the indictment by failing to object to them in writing before entering a plea on the merits. *Dunbar,* supra.

3. Phillips next challenges, as impermissible hearsay, Officer Miller's testimony regarding the anonymous telephone call he received advising him that Phillips was operating a motor vehicle without a license and selling cocaine.

Inasmuch as the statement was admitted into evidence simply to establish the basis upon which Phillips was stopped by the police, rather than as proof of the truth of the matter stated, Officer Miller's testimony was properly admitted into evidence as an exception to the hearsay rule. *Ross v. State,* 210 Ga. App. 455, 456 (1) (436 SE2d 496) (1993). Moreover, we note that the trial court gave an immediate instruction as to its use. This enumeration of error is without merit.

4. Phillips also enumerates that the trial court erred by admitting evidence of a similar transaction. In particular, he argues that the evidence of a similar offense improperly put his character in issue. The record shows that the State gave written notice of its intent to introduce similar transaction evidence, and the trial court conducted the required Uniform Superior Court Rule 31.3 (B) admissibility hearing. In common with the instant cocaine possession charge, Phillips' prior conviction involved a Tylenol bottle with a red cap and a similar quantity of cocaine, 168 rocks. Both offenses arose out of vehicle stops made in the southwest Moultrie area during the month of December. The trial court concluded, as we do, that the evidence was admissible. In this regard, the State satisfied its burden under *Williams v. State,* 261 Ga. 640, 642 (2b) (409 SE2d 649) (1991), and the trial court found that the State's need for the similar transaction evidence outweighed the prejudice inherent to the defendant and admitted such evidence. See *Brockman v. State,* 263 Ga. 637, 640 (3) (436 SE2d 316) (1993). In any event, when the evidence was offered at trial, Phillips failed to object and thereby waived any claim of error related thereto. See *White v. State,* 213 Ga. App. 429 (1) (445 SE2d 309) (1994).

5. Phillips next enumerates that the trial court erred by denying his motion to suppress for lack of an articulable suspicion warranting the stop.

"Reasons for brief investigatory stops need not rise to the level of probable cause to make an arrest, but merely to the level of articulable suspicion that the law was being violated. What is demanded of the police officer, as the agent of the state, is a founded suspicion,

some necessary basis from which the court can determine that the detention was not arbitrary or harassing. The trial court's findings on questions of fact and credibility at a suppression hearing must be accepted on appeal unless clearly erroneous." (Citations and punctuation omitted.) *State v. Barnes*, 210 Ga. App. 654 (436 SE2d 798) (1993).

Phillips argues that he was stopped on the basis of an anonymous telephone tip alone. The record, however, reveals that there was more. In particular, Officers Miller and Lovett knew that Phillips' license had been suspended. Phillips himself acknowledged that the officers had previously arrested him for driving without a license. Under these circumstances, we find that the officers articulated a sufficiently particularized basis for stopping the car driven by Phillips. Accordingly, the inventory of the vehicle which followed was valid, and the trial court properly denied the motion to suppress.

6. Phillips next claims that the jury's verdict was inconsistent with the evidence showing that others had equal access to the cocaine which was seized. We disagree. Equal access evidence was before the jury. That the jury chose not to believe it does not constitute error.

"The determination of a witness' credibility . . . is within the exclusive province of the jury. [Cit.]" *Norris v. State*, 258 Ga. 889, 890 (1) (376 SE2d 653) (1989). Moreover, on appeal, we must view the evidence in the light most favorable to the verdict; the appellant no longer enjoys the presumption of innocence; and, rather than weighing the evidence or determining the credibility of witnesses, this court determines evidentiary sufficiency. *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990).

7. Phillips next enumerates that the trial court erred by excluding testimony concerning the past criminal record of an individual not present in court. In this regard, Phillips contends that the trial court denied him a fair trial by not allowing him to cross-examine Officer Bryant to show that Adrian Zeigler, one of his passengers at the time of the arrest, was a convicted felon with two prior drug offenses.

Neither party to the trial subpoenaed Zeigler as a witness. Even had they done so, cross-examination relative to Zeigler's prior criminal record would have been relevant only for purposes of impeachment and could not have been introduced into evidence absent compliance with applicable procedure. See *Love v. State*, 199 Ga. App. 482, 483 (405 SE2d 308) (1991). The appellant testified that Zeigler trafficked in drugs, and the evidence otherwise adequately established appellant's guilt of the offenses charged beyond a reasonable doubt. See Division 1. Accordingly, this claim of error is without merit.

8. Phillips last enumerates as error that he was denied the effective assistance of counsel below. The claim of ineffectiveness is raised for the first time on appeal and by appellate counsel who had no par-

ticipation in the motion for new trial. We therefore remand the case for a hearing by the trial court to consider the appellant's assertion of ineffective assistance of counsel. *Duitsman v. State*, 212 Ga. App. 348, 350 (441 SE2d 888) (1994).

*Judgment affirmed and case remanded with direction. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED DECEMBER 7, 1994.

*Richard T. Kent,* for appellant.

*H. Lamar Cole, District Attorney, A. Scott Gunn, Charles M. Stines, Assistant District Attorneys,* for appellee.