A08A2303. WILSON v. THE STATE.
(673 SE2d 304)

BERNES, Judge.

Charity Wilson was convicted of six counts of committing child molestation against her four children, A. S., C. W., D. S., and A. S. W. The trial court denied Wilson's motion for new trial. In her sole enumeration of error on appeal, Wilson contends that the trial court erred in admitting photographs of her residence as evidence at trial. She argues that the photographs were more prejudicial than probative and showed only that she was poor and lived in a "ramshackled shack" that was not suitable for raising children. We discern no error and affirm.

"Photographs which are relevant to any issue in the case are admissible even though they may have an effect upon the jury." *Ramey v. State*, 250 Ga. 455, 456 (1) (298 SE2d 503) (1983). "The standard of review of the trial court's ruling on a challenge to evidence on the ground that its probative value is outweighed by its tendency to unduly prejudice the jury is an abuse of discretion standard." *Holland v. State*, 221 Ga. App. 821, 825 (3) (472 SE2d 711) (1996). See also *Carroll v. State*, 261 Ga. 553, 554 (2) (408 SE2d 412) (1991).

The indictment charging Wilson with multiple counts of child molestation alleged that the crimes had occurred at Wilson's residence in Bartow County. Photographs of crime scenes are generally admissible. See *Banta v. State*, 282 Ga. 392, 396 (3) (651 SE2d 21) (2007); *Collins v. State*, 259 Ga. 250, 252 (3) (379 SE2d 511) (1989); *Love v. State*, 199 Ga. App. 482 (1) (405 SE2d 308) (1991). Furthermore, the photographs were identified by the victims at trial as showing the location where the crimes had occurred and thus served as probative evidence of venue, an essential element of the crimes charged. See *Thompson v. State*, 277 Ga. 102, 103 (1) (586 SE2d 231) (2003). The photographs were of particular significance in this case

since the evidence reflected that the children had previously resided with Wilson in two other states and at two different residences in Georgia before they were taken into foster care.[*] In light of the highly probative nature of the photographs, the trial court did not abuse its discretion in admitting them into evidence.

*Judgment affirmed. Andrews, P. J., and Doyle, J., concur.*

DECIDED JANUARY 30, 2009.

*Mary Erickson*, for appellant.
*T. Joseph Campbell, District Attorney*, for appellee.

---

[*] While Wilson argues that her counsel offered to stipulate that the family had lived at the subject Bartow County residence, there was no offer to stipulate that the crimes had occurred at that residence as opposed to the other locations where the family had also previously resided.